## COIT v. NORTH CAROLINA GOLD AMALGAMATING CO.*

*(Circuit Court, E. D. Pennsylvania.  July, 1881.)*

1. EQUITY—PRACTICE—INSPECTION OF BOOKS AND DOCUMENTS.

The proper practice in equity, where, during the progress of the cause, either party desires information and use of the contents of books and documents in the possession of the other, is for the party desiring such information to file an affidavit, designating the books and documents, and averring the materiality of their contents, whereupon the court will allow the other party to file a counter affidavit, if he desires.

In Equity.

Motion for rule on defendant to show cause why he should not produce certain books and papers alleged to be in his possession. Complainant filed no affidavit in support of his motion.

*E. F. Hoffman* and *C. Hart,* for motion.

*R. C. McMurtrie, contra.*

BUTLER, D. J., (*orally.*)  The practice in equity formerly was to obtain information and use of the contents of books and documents in a party's possession, by bill of discovery, requiring the respondent to set out the contents at large in the answer; as this was found to be laborious, expensive, and tending to encumber the records unnecessarily, it was so changed as to require simply an acknowledgment of the existence and possession of the document, and upon such acknowledgment to obtain their production by motion.  Where such information and use were needed in trials at law, the practice was the same, until the more convenient one, provided by statute, was adopted,—wherein an affidavit designating the books or documents, and averring the materiality of their contents, is substituted for the bill, and the absence of a counter affidavit is treated as acquiescence in what is stated.  All the purposes of a formal bill are thus effected without any of the cost, labor, and delay of the former practice.  There is no good reason why this more convenient and expeditious method should not be applied in equity to cases such as that now before the court. If the plaintiff had foreseen the need of the books and papers required, had designated them in his bill, and obtained an acknowledgment of their existence and possession, in the answer, he would have required nothing more to support his motion for their production. As, however, he did not do so, and the existence of the books and papers, and the defendant's possession of them, must be established,

---

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

this may be done in the manner just stated. There certainly ought not to be any greater degree of difficulty, or circumlocution, in obtaining an exhibition of such relevant and material matter in suits in equity than at law. In each equal care is required, and should be observed by the court, to avoid unnecessary exposure of a party's private affairs, or improper prying into his case,—by limiting the order for production and examination, to what is shown to be important to the mover's case. The practice here has not been uniform; and motions such as that in hand have, I understand, been allowed, without even the support of an affidavit. It was always, however, I believe, with the acquiescence, and virtual assent of the other side. The practice now indicated is deemed safe and proper and will hereafter be pursued.

The plaintiff has leave to file the required affidavit in support of his motion, and the case will then stand over for one week to allow the defendant to put in a counter affidavit if he sees fit to do so.