### BISCHOFFSHEIM *v.* BROWN and others.

*(Circuit Court, S. D. New York. December 23, 1886.)*

1. DISCOVERY—PRODUCTION OF DOCUMENTS—REV. ST. U. S. § 724.

Rev. St. U. S. § 724, relative to the production of documents, does not apply to suits in equity. In equity such production, by one not summoned as a witness, can ordinarily be compelled only by appropriate allegations in bill or cross-bill, upon the answer to which allegations a motion for production is based, and upon such motion the materialty of the evidence sought for can be controverted.

2. SAME—WHEN MATERIAL.

The only issue between plaintiff and defendants in a suit in equity was whether a trust fund, received by defendants under certain agreements made between plaintiff and some of the defendants and between plaintiff and a third party, was appropriated by them pursuant to the agreements. *Held,* that the production by plaintiff of books and documents relating to transactions prior to the date of the agreements would not be compelled.

In Equity.

*Joseph H. Choate* and *Benjamin H. Bristow,* for plaintiff.

*Wayne McVeagh,* for defendants.

WALLACE, J. This is a motion on behalf of the defendants Seligman & Brown to compel production by the plaintiff for inspection of books, papers, and documents described in Exhibit A, annexed to moving papers. The proofs in the cause are being taken orally before an examiner, and certain witnesses for the plaintiff have testified that the papers and documents are under the control of the plaintiff. The papers specified in Exhibit A are not any particular book, document, or writing, but comprise all or a great number of several classes of papers, some of which may possibly be found when examined to contain evidence advantageous to the defendant in controverting the plaintiff's case or supporting their own case. The motion seems to have been made and has been argued upon the theory that either party to a suit in equity may call upon his adversary to exhibit for inspection anything and everything in writing under the latter's control which may assist the party who makes the call. The case of *Coit v. North Carolina Gold Amalgamating Co.,* 9 Fed. Rep. 577, is cited as an authority in this direction. Notwithstanding this authority it must be held that such practice cannot

be sanctioned. Courts of equity and courts of law have always been solicitous to protect parties and witnesses against any unnecessary inquisition into the contents of their private papers by those who have no interest in them, and exercise the power of assisting parties in obtaining a compulsory production of written evidence from their adversaries or from witnesses only under well-established restrictions.

In courts of equity a bill or a cross-bill alleging that the defendant has in his possession or power documents or papers relating to the matters of the bill which if produced will establish their truth is the foundation of the proceeding. The defendant is required by the bill to admit or deny the truth of these allegations. If he admits having possession or power over any of the documents or papers he is required by the bill, and is *prima facie* bound, to describe them either in the body of his answer or in a schedule to it. The plaintiff then moves the court that the defendant may be ordered to produce and leave in the hands of the proper officer the documents and papers, with liberty to the plaintiff to take copies thereof. Upon this application the defendant may controvert the materialty of the evidence sought for, and he can in any event be required to produce only such documents and papers as are referred to in his answer to the bill. This is the ordinary and the only practice to compel the production of documents except under special circumstances, as where deeds or other papers contested as false or forged are ordered to be brought into court for inspection.

In actions at law in the courts of the United States the proceeding is regulated by section 724 of the Revised Statutes. This section originated in the judiciary act of 1789. The provision of this act was framed in order to confer power which did not theretofore exist at common law in compelling the production of documents by parties upon motion. Sixty-two years later the provisions of this act were copied and adopted in England by section 6, *c.* 99, Act 14 & 15 Vict. Referring to this act, it is said by Mr. Pollock, (Power of the Courts of Common Law to compel Production of Documents, page 10:)

"An order to inspect documents could hitherto, according to the practice of the courts, be obtained only in a very limited number of cases; as where one party could be considered as holding a document as agent or trustee of the party seeking inspection, or where the applicant was a party to a written contract of which but one part was executed, or where one part had been lost or destroyed; and it was also in general considered necessary that the party applying should be a party to the instrument which he sought to inspect, and although a trial was sometimes postponed for the purpose of enabling a party to take proceedings in equity, yet wherever an application to the courts of law was in the nature of a bill for discovery, they invariably refused to grant inspection. The insufficiency of both these methods of obtaining inspection has long been acknowledged, and has at length been supplied."

As the present suit is one in equity the procedure authorized by section 724 does not apply. Its convenience may be admitted, but congress restricted the practice to actions at law and to cases and under circumstances where the party might be compelled to produce by the ordinary rules of procedure in chancery, thus manifesting in the plain-

est terms the legislative understanding that the established practice in equity was adequate on that side of the court, and should not be enlarged beyond the limits which that court had always maintained.

Parties to suits in equity as well as in suits at law are now competent witnesses in the courts of the United States by statute, and may now be examined at the instance of their adversary. As a witness a party can be compelled by a *subpœna duces tecum* to produce books, documents, and papers in his possession the same as any other witness. *Merchants' Nat. Bank* v. *State Nat. Bank*, 3 Cliff. 201. He is bound to obey the writ and be ready to produce the papers in obedience to the summons. Like any other witness, it is his duty to make reasonable search for the papers and documents required if they are in his possession, (3 Chit. Pr. 829;) but before he can be required to exhibit their contents, he is entitled to appeal to the discretion of the court, if any sufficient reason exists to protect him from a disclosure.

If the case were now here upon a motion to compel the plaintiff, as a witness for the defendant, to produce the books, papers, and writings described in Exhibit A, it would seem that he should not be required to exhibit them. The voluminous pleadings in the case when analyzed present a comparatively narrow controversy between the parties. The plaintiff's case rests upon the agreement entered into between Bischoffsheim & Goldschmidt and the railroad company, of the date of September 30, 1873, and the agreement between Bischoffsheim & Goldschmidt and the defendants Seligman & Brown evidenced by the letter of the date of September 29, 1873. By force of these agreements Bischoffsheim & Goldschmidt advanced, and the defendants Seligman & Brown received, certain moneys which were to be appropriated by the latter to specified purposes, and which became a trust fund in their hands for such application. The only issue between these defendants and the plaintiff is whether this trust fund was appropriated by them in whole or in part pursuant to the agreement. As to the other defendants the bill alleges that they received certain of the moneys which were a trust fund in the hands of Seligman & Brown with notice of the trust, and applied them for other purposes; and as to these defendants the only issue is whether they did so receive a part of the trust fund, and how much if any of it was not devoted to the purposes of the trust by them. All transactions between the firm of Bischoffsheim & Goldschmidt and the railroad company, or between them and third persons, which took place before the execution of the two agreements referred to, are wholly foreign to any issue which can be litigated in the present controversy. For this reason the books, papers, and documents specified in Exhibit A, annexed to the moving papers, and which it is now sought to compel the plaintiff to produce, are not material or relevant. The motion is denied.