ORO WATER, LIGHT & POWER CO. v. CITY OF OROVILLE et al.

(Circuit Court, N. D. California.    April 14, 1908.)

No. 14,459.

**1. DISCOVERY—PRACTICE IN EQUITY—FEDERAL COURTS.**

Rev. St. § 724 (U. S. Comp. St. 1901, p. 583), authorizing the federal courts on the trial of actions at law to require parties on motion to produce books or writings, has no application to suits in equity.

**2. SAME.**

In suits in equity in the federal courts, the defendant is entitled to require a production of documents by the complainant for inspection only on a cross-bill for discovery which should state with certainty what such documents are, and show their competency and materiality under the issues.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 23.]

In Equity. On motion by defendants for an order allowing an inspection of books and papers.

George W. Lane and Curtis H. Lindley, for complainant.

W. E. Duncan, Jr., for defendants.

FARRINGTON, District Judge. This suit was brought to obtain a decree restraining defendants and all consumers of electric light or current in the city of Oroville, Cal., from enforcing or attempting to enforce an ordinance of said city fixing the maximum rates to be charged for electricity. The defendants have filed their answer, and now move the court for an order allowing them, their agents or attorneys, "the right to inspect or make copies of any part of any and all books, records, vouchers, papers, bills, receipts, deeds, agreements, time books, check books, stubs, day books, cash books, journals, ledgers, blotters or other books or papers," relating to some 23 different subjects which are enumerated in the motion, such as matters of purchasing, constructing, maintaining, and operating complainant's electric plant, the amount of merchandise purchased by complainant to be sold to other persons, amounts received from the sales of electricity, etc.

This being a suit in equity, there is no warrant in section 724 of the Revised Statutes (U. S. Comp. St. 1901, p. 583) of the United States for such an order. That section applies to actions at law, and in no wise changes the procedure in equitable cases. This has been so held repeatedly by the federal courts, and is apparent from the language of the statute itself, which reads as follows:

"In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery." Ryder v. Bateman (C. C.) 93 Fed. 31; West Publishing Co. v. Edward Thompson Co. (C. C.) 151 Fed. 138, 140; 2 Rose's Code of Federal Proc. § 1763.

Although this statute has changed the procedure, it has not increased or diminished the rights of the parties. True, it is no longer

necessary for a litigant at law in the federal courts to file a bill of discovery in equity in order to obtain inspection of documents necessary to the proper presentation of his case, But nevertheless this statute requires him to make just as full a showing of facts and circumstances justifying the order as under the old chancery practice which was superseded by this statute. I call attention to this in order to emphasize the fact that the federal courts have no power to grant, and the litigant in the federal court has no right to expect, an order which will compel his adversary to exhibit for inspection anything and everything in writing under the latter's control which may assist the party who makes the demand. The theory upon which this court and courts of equity have always proceeded is that the party against whom discovery is sought has rights which must be protected. The court cannot lend itself to any scheme to conceal evidence, neither can it compel a party to disclose evidence which, for instance, would subject him to criminal prosecution. Neither party has a legal right to examine all records and documents in his adversary's possession simply for the purpose of discovering whether they contain something which might benefit him, or to see in advance of the trial what evidence will be produced on the other side. Again, a court of equity should make no order blindly. It should command of no man anything which he has a legal right to refuse, and, when issued, its order should be specific and certain, leaving as little as possible to the discretion of the person or persons against whom it is directed. In cases of this kind, there should be no uncertainty as to what documents are in the possession of the party against whom discovery is sought, and just what portion of them he should exhibit. The court should require the production of no evidence which is not competent and material, and within the legitimate issues of the case and in aid of the action or defense of him who seeks it. Victor G. Bloede Co. v. Joseph Bancroft & Sons Co. (C. C.) 98 Fed. 175. Obviously, then, there ought to be a hearing in advance of the order at which each party shall be given adequate opportunity to state and establish his contentions. These reasons indicate somewhat of the nature, character, and purpose of the chancery practice. If the statute, a portion of which is recited above, indicates anything as to the practice, it indicates that courts of equity are to compel the production of documentary evidence by their old methods, and "not upon motion and due notice"; for, as Judge Hammond says in Ryder v. Bateman (C. C.) 93 Fed. 31, 34:

"Congress has not yet chosen to change the method of procedure in the federal courts of equity, and the very fact that Rev. St. § 724, is confined to courts of law, is conclusive that courts of equity must proceed as they did and do without the aid of that statute."

The equity rules prescribed by the Supreme Court of the United States to regulate the practice in Circuit Courts do not formulate any method for compelling the production of documents prior to trial, but they do provide, in rule 90, that:

"In all cases where the rules prescribed by this court do not apply, the practice of the Circuit Court shall be regulated by the present practice of the High Court of Chancery in England, so far as the same may reasonably

be applied consistently with the local circumstances and local conveniences of the district where the court is held, not as positive rules, but as furnishing just analogies to regulate the practice."

It has been held that by "present practice of the High Court of Chancery in England" is to be understood the practice which prevailed in that court in 1842, when the equity rules were ordained. In Bate v. Bate, 7 Beav. 528, 538, decided in the year 1844, Lord Langdale thus stated the practice which then obtained:

"No doubt you have a right in this court to look at the evidence which the plaintiff states to be in his possession; but that right is only to be obtained upon a cross-bill. Every party has in this court that advantage which is not to be had so effectually in any other jurisdiction. He may discover that which is in the knowledge and breast of the plaintiff before he proceeds to a hearing of the cause, but he must do it in such a way as to give the plaintiff an opportunity of stating all the circumstances connected with the matter. It is undoubtedly extremely important, when the plaintiff is called upon to furnish any discovery, that he should do it in the proper form, and be at liberty to state all the circumstances relating to the matter, and that he should have all the guard and protection which he derives from being able to give a full statement of all the circumstances belonging to the case."

The same rule is thus stated in 2 Daniell's Chancery Pleading and Practice, 1819:

"Where discovery from the plaintiff, either concerning matters of fact or the contents of documents, was necessary to a defendant for the purpose of enabling him to complete his defense to the case sought to be established against him, he could, in general, only obtain such discovery by means of a cross-bill. Upon such a bill being filed, the plaintiff in the original suit, in his character of defendant to the cross-bill, became liable to the application of the same rules concerning the production of documents as a defendant in any other case. An answer to a cross-bill cannot, however, in general be obtained until the original bill has been fully answered; and not only must a full answer in the ordinary sense of the term be placed upon the record before an answer to the cross-bill can be enforced, but the plaintiff in the original suit will be allowed time to answer the cross-bill until after the defendant has complied with an order for production of deeds made in the original suit."

At page 338 in the fourteenth volume of the Cyclopedia of Law and Procedure, the following statement is made:

"The proper and only method for obtaining the inspection or production of books or papers is by bill or cross-bill alone, which bill or cross-bill must describe the books or papers of which an inspection or production is sought with reasonable certainty, and must state the facts which are expected to be proved thereby. The bill must show possession or control of the books or papers sought by the party who is asked to produce them, the pertinency of the facts to be proved by them to the issue, and that the facts pertain to the case of the complainant, and must require answer under oath, admitting or denying the allegations."

In Bogert v. Bogert, 2 Edw. Ch. (N. Y.) 399, 404, decided in 1834, a motion for discovery was made, but not until after the replication had been filed. In passing upon the motion of two of the defendants asking an order for the production of documents, the court used this language:

"Where a defendant seeks the production or discovery of documents in the complainant's possession, the usual course is by filing a cross-bill, * * * and Bigelow and wife must do so in this case, provided they require a dis-

covery of the books and papers of the estate of Jacobus Bogert, deceased. This part of the present motion is denied."

Although the practice in the English courts of chancery has been changed by statute, the old procedure is still followed by the federal courts in equitable causes. In Bischoffsheim v. Brown (C. C.) 29 Fed. 341, there was a motion by defendant to compel plaintiff to produce certain books and papers for inspection. The motion seems to have been made upon the theory that in a court of equity a party can be compelled to exhibit everything in the nature of written evidence under his control for the inspection of his opponent. Judge Wallace, in denying the motion, said:

"In courts of equity a bill or a cross-bill alleging that the defendant has in his possession or power documents or papers relating to the matters of the bill which, if produced, will establish their truth, is the foundation of the proceeding. The defendant is required by the bill to admit or deny the truth of these allegations. If he admits having possession or power over any of the documents or papers, he is required by the bill, and is prima facie bound, to describe them either in the body of his answer or in a schedule to it. The plaintiff then moves the court that the defendant may be ordered to produce and leave in the hands of the proper officer the documents and papers, with liberty to the plaintiff to take copies thereof. Upon this application the defendant may controvert the materiality of the evidence sought for, and he can in any event be required to produce only such documents and papers as are referred to in his answer to the bill. This is the ordinary and the only practice to compel the production of documents except under special circumstances, as where deeds or other papers contested as false or forged are ordered to be brought into court for inspection."

The views which are expressed above will find abundant support in the following authorities: 1 Bates on Federal Equity Procedure, p. 134; 3 Greenleaf on Evidence, §§ 302, 303; Shipman, Eq. Pl. p. 126; 16 Cyc. p. 326; Spragg v. Corner, 2 Cox, Ch. 109; Penfold v. Nunn, 5 Sim. 409; Lupton v. Johnson, 2 Johns. Ch. (N. Y.) 429; Evans v. Staples, 42 N. J. Eq. 584, 8 Atl. 528; Ryder v. Bateman (C. C.) 93 Fed. 31; Indianapolis Gas Co. v. City of Indianapolis (C. C.) 90 Fed. 196; West Publishing Co. v. Edward Thompson Co. (C. C.) 151 Fed. 138, 140.

Probably defendant is entitled to inspect documentary evidence now in possession of complainant, but the method which has been adopted to obtain the production of such evidence cannot be approved; and therefore the motion is denied.