Bill dismissed, with costs.

<hr>

## P. M. CO. v. AJAX RAIL ANCHOR CO.

(District Court, N. D. Illinois, Eastern Division. August 25, 1914.)

### No. 266.

1. PATENTS (§ 310*)—SUITS FOR INFRINGEMENT—ANSWER.

In a suit for infringement, a paragraph of the answer setting up that complainant has charged defendant with infringement of various patents and threatened suits against its customers, no fraud being charged, is immaterial, and will be stricken out on motion.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. DISCOVERY (§ 8*)—INTERROGATORIES—PARTIES ENTITLED—MATTERS TO BE OBTAINED.

Under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), interrogatories may be filed by either party, requiring the other to state material matters relating to the nature of the case and the facts supporting it, but not mere evidence.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 8, 9; Dec. Dig. § 8.*]

In Equity. Suit by the P. M. Company against the Ajax Rail Anchor Company. On motions to strike out portions of answer. Sustained in part.

Rector, Hibben, Davis & Macauley, of Chicago, Ill. (Frank Parker Davis, of Chicago, Ill., of counsel), for complainant.

Sheridan, Wilkinson & Scott, of Chicago, Ill., for defendant.

SANBORN, District Judge. Three motions are presented in an infringement suit brought on patent No. 1,014,155, issued January 9, 1912, to Adam T. Kramer, and duly assigned to the complainant. One motion is to strike out paragraph 6 of the answer, and require defendant to answer paragraph 6 of the bill which alleges that complainant gave written notice to defendant of alleged infringement, but that defendant disregarded the notice and continued infringing acts. Paragraph 6 of the answer admits receiving certain communications from attorneys representing the complainant, charging infringement of various patents. It then goes on to allege in detail the substance of letters, three of which were written by O. R. Barnett and one by attorneys for complainant. The Barnett letters charge infringement of six patents, and the letter from attorneys for the complainant the infringement of three patents, including the one in suit. The answer then states that the said Barnett or the attorneys for complainant, or others acting on behalf of Barnett or complainant, or each or all of said parties, have written to railroad officers throughout the United States representing that defendant's device (which is an

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

anchor for use as a rail anti-creeping device) infringes all of said patents, and that such representations have injured defendant's business and caused it great financial loss; that the representations are without justice or legal foundation; and that each of the patents, upon which the representations were made, is either invalid or not infringed by defendant. The answer further alleges that a contract, agreement, or understanding exists between complainant and said Barnett, binding them to prosecute and harass defendant, and any and all other persons who make, use, or sell rail anchors, by threats of patent infringement and by suits at law or in equity; that, in pursuance of said understanding or agreement, complainant and said Barnett have recklessly and knowingly, without justice or legal cause, made threats to prospective customers of defendant, well knowing that patents upon which said threats have been based could by no possibility be infringed by any device ever made, used, or sold by defendant.

Defendant submitted nine interrogatories to complainant under provisions of rule 58 of the equity rules. The first interrogatory inquires upon which of the five claims of the patent complainant relies. The second, third, and fourth interrogatories seek to have the complainant describe that element in defendant's device which complainant considers to be the wedge described in the Kramer patent, and that element which complainant considers to be the supporting member described in said claims, and whether the phrase "other edge of the rail," occurring in the claims, refers to the edge opposite to that engaged by the flange. The fifth interrogatory requires an answer as to whether complainant has manufactured any devices under the Kramer patent, and how many, and whether it is now making them, and requiring the production of a sample of such devices, or a cut or drawing. The sixth interrogatory inquires whether the complainant is licensed under, or has any interest in, various of the patents described in the correspondence above referred to. The next interrogatory inquires whether complainant considers defendant's device, to infringe any patents which complainant may own, be licensed under, or have an interest in, other than the three patents mentioned in the notice given by complainant to defendant, and, if so, inquiring the numbers and dates of the patents and names of the patentees. The eighth interrogatory asks whether complainant contemplates instituting other suits for patent infringement against defendant; and the last interrogatory asks whether one of the letters above referred to was written with the knowledge and consent of complainant.

Complainant objects to all of the interrogatories, and moves that they be stricken out, on account of impertinence and immateriality. Complainant has also moved that the experts' testimony be set forth in affidavits and filed, that of the complainant within 40 days after August 21, 1914, those of the defendant within 20 days thereafter, and complainant's rebutting affidavits within 15 days after the expiration of defendant's time.

[1] I think that the matters set up in paragraph 6 of the answer are entirely immaterial. The suit is a simple action upon a patent,

and it is claimed that the matters so alleged tend to show that the complainant has no standing in equity to prosecute his suit upon the patent. No fraud is charged; nothing that the complainant has not a legal right to do. No unlawful means are alleged, nor any unlawful purpose or object. Complainant has a perfect right to charge defendant with infringement, and the question whether its patent or patents are valid, as well as whether they are infringed, may be a matter of honest difference of opinion. I think that the complainant's motion to strike out paragraph 6 of the answer should be sustained.

[2] In regard to the interrogatories which were filed under rule 58 of the equity rules (198 Fed. xxxiv, 115 C. C. A. xxxiv), either party has a right to require the other to answer questions relating to material matters. This rule was in substance taken from order 31 of the English equity rules of practice, which has been in force for a considerable time, and has been construed and applied in very many English cases. It is well settled by these decisions that the disclosure of evidence is not required. The nature of the case and the facts supporting it may be required to be stated. Mere evidence or facts tending to prove the nature of the case, or the facts upon which it is based, are quite generally held not proper to be inquired into. Marriott v. Chamberlain, 17 Q. B. D. 154; Hooton v. Dalby, [1907] 2 K. B. 18.

The second, third, and fourth interrogatories inquire as to the opinion of the complainant as to the construction of the patent. This is a matter to be supplied by expert testimony in support of the contention of infringement, or the validity of the patent, or both. It is a matter purely evidentiary, and one which within the English rule, and the proper construction of rule 58 cannot be inquired into. The same considerations apply to interrogatories 5, 6, and 7, inquiring whether complainant has manufactured devices under its patent, whether it has any interest in other patents, and whether it considers defendant's device to infringe any such other patents. These questions all relate to evidence of circumstances or of facts tending to prove some contention of defendant, supposedly the one set up in the sixth paragraph of the answer, which is to be struck out. The eighth and ninth interrogatories, inquiring whether complainant contemplates bringing other patent suits, and whether it had knowledge of one of the letters pleaded in the answer, should be treated in the same way.

All of the interrogatories should be struck out except the first, which is to be answered by the complainant.

The other motion of the complainant, relating to the filing of expert affidavits under rule 48 (198 Fed. xxxi, 115 C. C. A. xxxi), should be granted.