### BLAST FURNACE APPLIANCES CO. v. WORTH BROS. CO.

#### (District Court, E. D. Pennsylvania. March 17, 1915.)

#### No. 1337.

1. COURTS &#9901;&#8594;351—DISCOVERY—EQUITY RULES—PLAINTIFF'S INTERROGATORIES —MATTERS DISCLOSED BY ANSWER.

Under equity practice rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), permitting a plaintiff to file interrogatories for discovery within 21 days after the joinder of issues, when that rule is construed in connection with the purpose of the rules to simplify the pleadings and expedite the production of proof, matters disclosed in the answer material to plaintiff's case may be made the subject of interrogatories.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. &#9901;&#8594;351.]

2. PATENTS &#9901;&#8594;292—EQUITY—DISCOVERY—RELEVANCY—SET-OFF.

In a suit to enjoin infringement of a patent by the construction of a second blast furnace from plans furnished by the inventor for the first furnace, where the defendant pleaded a set-off on account of defects in the plans for the first furnace, plaintiff may interrogate defendant as to what payments were made for the first plans and when.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. &#9901;&#8594;292.]

3. PATENTS &#9901;&#8594;292—EQUITY—DISCOVERY—RELEVANCY—DEFENSE.

Plaintiff may also ask for the production of the drawings furnished for the first furnace and of the corrections made therein, from which drawings the second furnace was constructed.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. &#9901;&#8594;292.]

4. PATENTS &#9901;&#8594;292—EQUITY—DISCOVERY—RELEVANCY—DEFENSE.

In a suit by an assignee of a patent for infringement by the construction of a blast furnace, where defendant pleaded a license from the inventor, plaintiff might interrogate him as to the date of the construction of the furnace, in order to fix the date of the infringement, and also as bearing upon the question of license.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. &#9901;&#8594;292.]

5. PATENTS &#9901;&#8594;292—EQUITY—DISCOVERY—INTERROGATORIES—IDENTIFICATION OF DOCUMENTS.

Plaintiff might also inquire as to whether the license was in writing and the date thereof, and for the correspondence relating thereto, in order that he might call for its production.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. &#9901;&#8594;292.]

6. PATENTS &#9901;&#8594;292—EQUITY—DISCOVERY—INTERROGATORIES—EVIDENCE.

Interrogatories as to notice to the inventor of the commencement, completion, and use of the infringing furnace is not a fact material to the support of the plaintiff's cause, but is merely evidentiary on the issue of the existence of the license from the inventor, and is not a proper subject of inquiry.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. &#9901;&#8594;292.]

In Equity. Suit by the Blast Furnace Appliances Company against the Worth Bros. Company. On objections to interrogatories propounded by the plaintiff. Objections overruled in part, and sustained in part.

---

&#9901;&#8594;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. Hayward Fairbanks and J. Bousall Taylor, both of Philadelphia, Pa., and C. C. Linthicum, of Chicago, Ill., for plaintiff.

John A. Brown and Henry P. Brown, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The ground of objection to the interrogatories, that the defendant is not required to answer, for the reason that oath to the answer has been waived by the bill, has been decided contrary to the defendant's contentions in the case of Luten v. Camp et al., 221 Fed. 424, in which an opinion has been filed this day.

Referring to the specific objections to the interrogatories, the question is whether they seek discovery of facts and documents material to the support of the cause, or whether, on the contrary, they seek discovery concerning mere evidence of facts tending to prove the nature of the case, or tending to prove the facts upon which it is based. The bill charges infringement of patents owned by the defendant as assignee of Arthur G. McKee. The infringement is alleged to consist in the erection of the defendant's No. 2 blast furnace in accordance with drawings furnished by McKee for the building of its No. 1 blast furnace, and embodying the inventions and improvements of the plaintiff's letters patent, without right, license, or authority, and without the payment of any royalty. It is alleged in the bill that the defendant built its No. 1 furnace under a license from Arthur G. McKee, and that as a part of the license arrangement McKee furnished the defendant with certain drawings for the construction of this furnace, embodying inventions covered by the letters patent; that as to No. 2 furnace the defendant applied to McKee for a license, and the license was tendered by McKee, but the defendant declined to accept it. The answer admits a license from McKee to use in defendant's No. 1 furnace the inventions contained in certain letters patent alleged to have been granted to McKee, and that it accepted that license and is still using it; that the defendant constructed its No. 2 furnace in accordance with drawings furnished by McKee for the building of No. 1 furnace. The answer sets up that the drawings for No. 1 furnace were defective, and defendant was put to the expense of correcting the errors and imperfections in the drawings and blueprints. It claims a set-off for the expense thereof. The answer admits that the defendant applied to McKee for a license to build No. 2 furnace, but denies that it refused to accept the license or to pay a royalty to McKee, and denies that it is using the patented invention in defiance of the rights of McKee or the plaintiff. It admits that it has not paid a license fee for the use of the patent and distributor on No. 2 furnace, and answers that it is ready to pay for the license after deducting the cost of correcting the drawings and blueprints.

[1] In view of the fact that interrogatories are permitted under rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) to be filed by the plaintiff within 21 days after the joinder of issue, and in consideration of rule 58, in connection with the purpose of the rules to simplify the

pleadings and expedite the production of proof, I think it is apparent that matters disclosed in the answer material to the plaintiff's case may be made the subject of interrogatories. While the defendant attaches to its answers a copy of the contract for furnishing drawings for its No. 1 furnace, in which McKee agrees to issue a license to the defendant for use of the distributor, it does not appear whether the license actually granted was in writing or oral, and whether it was a license for the use of the patents in suit alone, or covered some other patents. As this is the license under which the drawings and blueprints were furnished to the defendant by McKee which were used by it in the construction of its No. 2 furnace, I think an answer to the first interrogatory is material to the plaintiff's case, and that the interrogatory should be answered; the facts being peculiarly within the knowledge of the defendant.

[2] The second interrogatory inquires concerning the dates and amounts of payments made by the defendant to McKee on account of the No. 1 furnace, and, inasmuch as those payments are the subject of set-off by the defendant, it is material to the plaintiff to know what payments were made and when.

[3] The third interrogatory asks for the production of the defendant's drawings for the construction of No. 1 furnace, and the drawings containing the corrections made by the defendant for its construction as alleged in the answer. This is material to the charge of infringement in the use, in the erection of No. 2 furnace, of the drawings furnished for No. 1 furnace, and the drawings should be produced for the plaintiff's inspection.

[4] The fourth interrogatory asking information of the date when the defendant began the construction of No. 2 furnace is material as fixing the time of the alleged infringement and as affecting the license from McKee.

[5] Under the fifth interrogatory the plaintiff is entitled to know whether the license under which the defendant asserts that its No. 2 furnace was constructed and is being used was or was not in writing and the date thereof, and identification of any correspondence in relation thereto, in order that the plaintiff may call for its production.

[6] As to the sixth interrogatory, notice to McKee of the commencement, completion, and use of No. 2 furnace is, in my opinion, not a fact which can be said to be material to the support of the plaintiff's cause. It is at best merely a collateral fact, which might or might not tend to prove or contradict the existence of a license, but is merely evidentiary, and not the proper subject of an interrogatory.

The objection to the sixth interrogatory is sustained. Objections to interrogatories 1, 2, 3, 4, and 5 are overruled.