RODMAN CHEMICAL CO. v. E. F. HOUGHTON CO.

(District Court, E. D. Pennsylvania. May 18, 1916.)

1. PATENTS ⬥⟾292—INTERROGATORIES—PRACTICE.

In a suit for infringement of a patent, where plaintiff also prayed for an injunction restraining defendant's publication, after notice of infringement, of articles denying the validity of the patent and encouraging others to infringe, interrogatories concerning the publication and seeking admission as to defendant's authorship and the meaning were propounded. Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) authorizes the propounding of such interrogatories, while Rules 30 and 33 (198 Fed. xxvi, xxvii, 115 C. C. A. xxvi, xxvii) authorize the answer to contain statement of facts in avoidance and abolish exceptions to answers. Held, that as defendant could answer interrogatories concerning the publications without admitting the materiality of such questions, though as an injunction was prayed such matters cannot be treated as immaterial, and as plaintiff could obtain an answer to such questions only by means of interrogatories, answers should be required; the purpose of interrogatories being to simplify trials.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ⬥⟾292.]

2. COURTS ⬥⟾351—PRACTICE—INTERROGATORIES.

Where defendant is in doubt, or the meaning of interrogatories does not clearly appear, defendant may require a restatement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⬥⟾351.]

3. PATENTS ⊙⇒292—PRACTICE—INTERROGATORIES.

A defendant cannot through the guise of interrogatories be required to construe a patent claim or admit or deny infringement as a legal conclusion.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ⊙⇒292.]

In Equity. Bill by the Rodman Chemical Company against E. F. Houghton Company. Sur defendant's objections to plaintiff's interrogatories and plaintiff's motion to enforce answers objected to as evasive. Defendant required to answer interrogatories as indicated. In the suit which was for infringement of a patent, the bill also alleged that defendant by means of printed publications denied the validity of the patents and encouraged others to infringe; wherefore an injunction was prayed.

Jo. Baily Brown, of Pittsburgh, Pa., and Cyrus N. Anderson, of Philadelphia, Pa., for plaintiff.

Mason & Edmonds and Howson & Howson, all of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Interrogatories were filed by plaintiff under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv). They number 21. Answers have been filed to those numbered consecutively 1 to 12, both inclusive, and the remaining ones are left unanswered, pending disposition of objections made to them.

[1] We will take up, first, defendant's objections. The general purpose of rule 58 is to expedite the decision of causes by eliminating the necessity for inquiry into the uncontroverted features of what is included in the issues as made up of record. The rule embraces all material inquiries. One of them here is the fact of infringement. The answer denies infringement. It also denies the existence of any proprietary right. The plaintiff must prove infringement. If it be not a contested fact, it can be admitted before trial. Interrogatories will test this. Any material inquiry, subject to the qualification next noted, may therefore be made, the effect of an answer to which may narrow the field of controversy at the trial. The distinction between facts and judgment from the facts, and between facts to be proven and evidentiary facts, so clearly expressed by Judge Thompson in Luten v. Camp (D. C.) 221 Fed. 424, and Blast Furnace v. Worth (D. C.) 221 Fed. 430, must be kept in mind. These lines are not always easy to draw in particular cases. Ignoring for the present the distinction between infringement as a conclusion or judgment and infringement as a fact, and between the fact of a printed publication having been made by the defendant and the inferences of fact or otherwise fairly to be drawn from the publication, this bill of complaint, by paragraphs VII and IX, specifically avers the fact of infringement and the fact of the circulation of printed publications. With respect to the latter, this averment is fourfold. There is involved the existence of the publication, its circulation, its authorship and publisher, and its meaning. The

answer meets paragraph VII by a denial of the legal conclusion of infringement. It meets paragraph IX with an inferential denial of the charged effect or meaning of the publication. At the trial, in the absence of answers to the interrogatories, the defendant must admit himself to be the author and publisher, or the plaintiff must make proof of this fact before the issue raised by the bill and answer can be determined. It was one of the objects of rule 58 to save the necessity for this proof if the fact was not really in controversy.

It is to be further observed that the answer, as under rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) it might, does not admit, deny, or explain the averred fact of publication. Exceptions to answers being abolished by rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii) plaintiff can require an answer only through the means evoked. None of the objections applies unless it be those designated as (b), (d), and (h). We do not think the suggestion of immateriality or that proof at the trial would be untimely to be well founded. Notice was given the defendant to desist from the averred infringement. The charge is that the defendant answered this demand by the publication. In an injunction bill we cannot find the fact averred to be either immaterial or its proof premature. The fact not now being found to be immaterial or an anticipation, the ascription of improper motives in seeking to elicit it cannot be regarded. The plaintiff may now, as at the trial, admit the fact without admitting materiality. All, however, to which the plaintiff is entitled is an admission of the fact if it be the fact of authorship and publication. It cannot, through interrogatories, as it could not, through testimony, introduce secondary evidence without first laying ground. The lines asked to be drawn in this respect and also in respect to the innuendo features are extremely fine. They must, however, be respected, if there is insistence upon them, to this extent. The plaintiff has the right to interrogate the defendant in order to identify the author and publisher and to require an answer. The same candor and frankness and disposition to save the time of the court, which counsel would be expected to show at the trial, is not out of place in answers to interrogatories. The object which rule 58 has in view is to bring down every case to its controverted points. If the fact of the publication and to whom it referred would not be denied after the plaintiff had offered evidence on the subject the court should be relieved now of the necessity of going into the evidence. The defendant can protect itself in all its rights by limiting its answers so that they may be used only for the purposes of this case.

The disposition now made of the case is that, unless the defendant withdraws its objections to all the interrogatories by answering to such as it is herein indicated it is proper for it to make answer, plaintiff is granted leave to amend the interrogatories filed by reframing them in accordance herewith.

[2] This brings us to the answers to interrogatories 1 to 12. The criticism directed to the answers to 1 and 2 is well founded; as to 4, 6, and 12 we do not feel any call upon us at this time to express an opinion upon a question as to which two well qualified experts differ. The quoted phrase does, however, express a meaning. It may be that

it does not express the same meaning to the expert as to the common mind and, possibly, to the expert mind may not express its meaning accurately and clearly and in that sense may be said to be meaningless. The question may, however, be answered. If the defendant is in doubt as to the meaning intended to be conveyed, or if the meaning does not certainly appear from the question itself, all needed protection in the answer can be provided by a restatement of the question so as to bring out clearly the meaning defendant understands the question to have. The answer following 7 is also open to the criticism directed against it, as also are answers 9 and 10.

[3] Defendant is right in its contention that it cannot be required through the guise of interrogatories to construe a patent claim or to admit or deny infringement as a legal conclusion. Aside from either of these things, however, there are facts upon which this legal conclusion is based. Wise tactics in the trial of a case impels the admission of facts not in controversy. Sometimes the admission is deferred until after the opposing side has made proof of them. We observe again that rule 58 was framed to afford an opportunity to obtain this admission in advance of trial and save the necessity of proving that which is only formally and not really in controversy.

The defendant is required to answer over to the interrogatories indicated.

---
☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes