## DIXIE DRINKING CUP CO., Inc., v. PAPER UTILITIES CO., Inc., et al.

(District Court, E. D. New York. March 26, 1925.)

**Courts ⬅⟶351—Procedure to require production of documents, stated.**

The right to a summary order requiring the adverse party in a suit in equity in a federal court to produce documents before trial is governed by equity rule 58, and under that rule to authorize such order there must be an admission of the possession or control of the documents, in the absence of which such admission must be first sought by interrogatories, which may not be filed until after answer and issue joined.

In Equity. Suit by the Dixie Drinking Cup Company, Inc., against the Paper Utilities Company, Inc., and others. On motion by defendants for an order requiring complainant to file a verified statement of certain exhibits and to produce such exhibits for inspection. Denied.

Dunn, Goodlett & Massie, of New York City (Clifford E. Dunn, of New York City, of counsel), for plaintiff.

Ward, Crosby & Smith, of New York City (S. Mortimer Ward, Jr., of New York City, of counsel), for defendants.

INCH, District Judge. This is a motion by defendant in an equity action before answer. The plaintiff has sued the defendants for infringement of letters patent. The bill of complaint is in the usual form. The question raised by the motion before me is entirely one of practice.

Care has been exercised to confine this decision solely to the question here presented, and nothing here said is intended as a decision on the merits.

Defendant moves on affidavit for an order directing plaintiff, by its president or other officers, or its patent attorney, to file a verified statement of certain exhibits alleged by

defendants to be now in its possession or control, or if not in its possession or control, to state what has become of such exhibits, and whether or not such exhibits are in substantially the same condition, as they were when introduced in evidence in a certain interference suit, and in what respect, if any, they have been changed. Further, that all of the said exhibits, in the possession or control of plaintiff, or its attorney, etc., be offered for inspection by defendants and their counsel, with the right to photograph or copy same, and further that such exhibits be preserved by plaintiff, or its attorney, or filed with the clerk of this court, etc.

As has been stated, this motion has been made before any answer has been interposed by defendants or either of them, and calls for a decision of defendants' right under such condition to an inspection of certain physical exhibits by summary order.

Counsel for both sides state that there is no previous authority, deciding for or against this practice, now attempted by defendants. Whether this is so or not, no such authority has been presented. A number of cases have been cited, however, from which each side argued their respective claims.

The motion papers presented consist of the order to show cause, and affidavit on behalf of the defendants, and a copy of the bill of complaint, and amendment thereto, on behalf of the plaintiff. No opposing affidavit was submitted by the plaintiff, nor does the mention of the exhibits appear in the said bill of complaint or amendment.

Accordingly, it seems necessary to decide this question for the first time, and it must be done by reference to the rules and practice in equity, with such decisions as may throw light upon the present equity practice.

At the outset, the form of defendant's motion would seem to indicate that defendants have in mind the state practice, relating to discovery and inspection, as set forth in the Civil Practice Act of the State of New York, article 32, and Rules of Civil Practice, title 18; the particular sections being sections 324, 327, and 328, and the rules 140 and 141.

The sections, in substance, allow a party to an action to give notice in writing, to the other party, to produce for inspection any document or other exhibit, where same is mentioned in the pleading, of the other party, or on application to the court obtain, if proper, an order requiring the other party to state whether any such exhibit is, or has

been, in its possession, or control, and, if not, when such party parted with same, and, finally, where any such exhibit is shown to be in the possession or control of the other party, the moving party may obtain, where proper, an order requiring its production and inspection.

The procedure, in the last-mentioned instance, is expressly governed by the said rules, and a reference to same shows that an order for production and inspection only follows, in a proper case, where the moving party has shown to the court that such exhibit is, at the time, in the possession or control of the other party.

The above would not seem to differ materially from the results obtainable under the present practice in equity in this court, yet if same does produce different results, or is so construed, it should be borne in mind that the Conformity Act (Comp. St. § 1537, R. S. § 914) clearly states that such state practice does not control the practice in equity in the federal court. In re Paleais (C. C. A.) 296 F. 403, page 406.

Thus if the practice in the federal court is different, the latter will control.

The procedure in equity in the federal court was largely regulated by the equity rules, first adopted in 1842; the general scheme remained substantially unaltered for 70 years. On February 1, 1913, the new equity rules of 1912 went into effect; these new rules making radical changes in the procedure. Rose, Federal Jurisdiction and Procedure (2d Ed.) § 49.

The authorities cited must therefore be carefully examined, to see as to which period in the practice they apply.

Prior to 1913, the practice, in this court, compelled a party seeking inspection or discovery to resort to a bill of discovery.

To be sure, in Coit v. North Carolina Co. (C.C.) 9 F. 577, decided in 1881, that court indicated that the practice then allowed in common-law actions could be introduced in equity, saying: "The practice in equity formerly was to obtain information and use of the contents of books and documents in a party's possession, by bill of discovery * * * it was so changed as to require simply an acknowledgment of the existence and possession of the document, and upon such acknowledgment to obtain their production."

Five years later, however, the authority of this case was overruled in this circuit, in the case of Bischoffsheim v. Brown et al., 29 F. 341, where the court said, referring to the above case: "Notwithstanding this authority

it must be held that such practice cannot be sanctioned." Since that time, and up to 1913, the latter case has been consistently approved and followed. West Publishing Co. v. Edward Thompson Co. (C. C. 1907) 151 F. 138; Oro Water Co. v. City (C. C. 1908) 162 F. 975. And many other cases could be cited to support this view.

Therefore in equity, a party prior to 1913, situated as the defendant here, would be compelled to proceed by a bill of discovery. In 1913, however, the new equity rules went into effect. As in the case of the New Civil Practice Act of the state, above referred to, the English chancery practice was the source, and particularly order 31 was consulted. Hopkins, Federal Equity Rules (4th Ed.) p. 22. The report of the committee of the Circuit Court of Appeals, Second Circuit, embodying this order is set forth in the above work as follows: "Every party is entitled as a matter of course to an inspection of documents referred to in pleadings or affidavits. As to documents which are not referred to in the pleadings or disclosed by the proceedings or affidavits, a party who seeks an inspection thereof must satisfy the court upon affidavit that he is entitled to such inspection and that the documents are in the possession or the power of the other party. Such an inspection will then be ordered if in the opinion of the judge it is necessary for disposing fairly of the cause."

New equity rule 58 seeks to accomplish in a quick manner, but only in the way mentioned in the rule, this object to be attained, to wit, the production and the inspection of an exhibit. So much of this rule 58, as is applicable, is as follows:

" * * * The defendant at any time after filing his answer and not later than 21 days, * * * and either party at any time, after joinder of issue, by leave of the court or judge, may file interrogatories, in writing, for the discovery by the opposite party or parties, of facts, and documents, material to the support or defense of the cause, * * * but no party shall file more than one set of interrogatories to the same party without leave of the court or judge. * * * Each interrogatory shall be answered separately and fully and the answers shall be in writing under oath. * * * Within ten days after service of the interrogatories, objections to them, or any of them, may be presented to the court or judge, with proof of notice of the purpose so to do, and answer shall be deferred, until the objections are determined, which shall be at as early a time as is practical.

In so far as the objections are sustained answers shall not be required."

"The court or judge, upon motion and reasonable notice, may make all such orders as may be appropriate, to enforce answers to interrogatories, or to effect the inspection or production of documents, in the possession of either party, and containing evidence, material to the cause of action, or defense of his adversary."

From the above rule it is apparent that a summary order of the court directing inspection, aside from the question of whether such evidence is proper, only follows (as in the case of the Civil Practice Act of the state) where it is shown as a fact that the other party has possession of or control of the exhibit.

It would seem that the ascertainment by admission of this fact, so far as the ability to proceed by summary order, under rule 58, depends both on the filing of interrogatories, and the answers given or compelled thereto. A motion to obtain this admission is not provided for.

Brief reference to some of the cases, arising since the new rules went into effect, may not be out of place, and would seem to support this view.

In P. M. Co. v. Ajax Co. (D. C. 1914) 216 F. 634, we have an answer filed, and objections to interrogatories filed under rule 58.

In Luten v. Camp (D. C. 1915) 221 F. 424, an action in equity, with answer filed, and objection to interrogatories, we find at page 429 the following: "Interrogatories Nos. 2, 6, 9, 15, and 16 inquire of the defendants what was the precise showing by Lyons * * * of certain sets of blueprints. * * * If these blueprints are in the possession of the defendants, the plaintiff is entitled, upon proper showing, to have an order made for their production and inspection."

In Blast Furnace Co. v. Worth Co. (D. C. 1915) 221 F. 430, an action in equity, answer filed, and objections to interrogatories, we find at page 432 the following: "The third interrogatory asks for the production of the defendant's drawings for the construction of No. 1 furnace, and the drawings containing the corrections made by the defendant for its construction as alleged in the answer. This is material to the charge of infringement in the use, in the erection of No. 2 furnace, of the drawings furnished for No. 1 furnace, and the drawings should be produced for the plaintiff's inspection."

In the case of Batdorf v. Sattley Co. (D. C. 1916) 238 F. 925, an action in equity, with

answer filed and exceptions to interrogatories, we find at page 928 the following: "Interrogatories 100 and 101 read as follows:

"(100) 'State where the device is located upon which the plaintiffs will rely in their proof of infringement, and whether or not such device can be inspected on behalf of defendant.'

"(101) 'If the machine referred to in interrogatory 100 cannot be inspected on behalf of defendant, describe and illustrate the device sufficiently for all parts thereof to be understood.'

"The answer to these interrogatories would be material to the defense of the cause, since the answers would inform defendant, or enable it to be informed, not only as to the construction of the device plaintiffs will rely on in their proof of infringement, but give defendant information which in all probability would enable it to ascertain whether it had manufactured or permitted any other act of infringement in connection with the device plaintiffs complain of. The answers would advise the defendant, providing it had manufactured or sold the machine, whether any change having a bearing on the question of infringement had been made after the machine had been disposed of by defendant. Interrogatories calling for facts or documents tending to definitely advise the defense of the act or acts and device or devices complained of I consider proper. Such interrogatories are not only material to the defense, but tend to narrow the issues. Plaintiffs are required to answer interrogatories 100 and 101."

In Window Glass Co. v. Brookville Co. (D. C. 1916) 229 F. 833, an action in equity, with answer filed, and motion to compel answers to interrogatories, we find the following: "A party will not be required to answer interrogatories propounded under equity rule 58, where they suggest a 'fishing expedition,' or at least an attempt to pry into the adversary's case."

A party, which without any order of the court requiring it to do so, answered improper interrogatories propounded by the opposite party, could not afterwards complain that they ought not to have been propounded. "It is unnecessary to extend this opinion by pointing out a lack of strict harmony (between a number of adjudicated cases on the subject of equity rule 58) or to emphasize the points upon which some of them agree."

In Churchward Co. v. Bethlehem Co. (D. C. 1916) 233 F. 322, an action in equity, answer filed, motion for inspection denied, we find the following: "The production of any paper writing which a party desires to offer in evidence may, generally speaking, be compelled. Again, generally speaking, neither party is required to submit its evidence in advance of the trial. There may be exceptions to each of these rules."

As stated at the outset, no attempt is made here to decide, nor does this decision require a decision in advance, as to the propriety of some subsequent order for inspection. I am here deciding simply the question of practice. For such other matters, see Sanford, J., in Day Co. v. Mountain Co. (D. C.) 225 F. 622; Pressed Steel Car Co. v. Winn R. Co. (D. C.) 241 F. 964; Dick Co. v. Underwood Co. (D. C.) 235 F. 304; Marquette Co. v. Oglesby Co. (D. C.) 247 F. 351; Kinney v. Rice (D. C.) 238 F. 444; Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842; Rodman Co. v. Houghton Co. (D. C.) 233 F. 470.

It may be said that in most of the above cases support will be found, indirectly at least, for the practice here indicated.

Prior to the new rules, it is shown therefore that no summary order was allowed. Since the new rules, such order is allowed, but only as provided in rule 58.

To support an order the certainty of possession seems to be necessary. If possession is admitted, it can be summarily dealt with by order; if it is not so admitted, no order can be made. It was the purpose of the said interrogatories to obtain in advance proof of this necessary fact of possession.

"Rule 58 was framed to afford an opportunity to obtain this admission in advance of trial and save the necessity of proving that which is only formally and not really in controversy." Rodman Co. v. Houghton Co., supra.

So in Hartford v. Cleveland Co. (D. C. 1921) 275 F. 590, an action in equity, and objection by defendant to interrogatories, we find the following: "Interrogatory 10 calls for the production of documents, namely, 'working drawings.' I find no admission of record of the defendant that it has such documents in its possession, custody, or control. In the absence of such admission, there is nothing upon which to base an order directing their production."

I am not discussing the right to file a bill of discovery, but it seems to me indicated from the reading of the rule, as well as from the manner in which the rule has been discussed, by authorities since 1913, that where, by summary order an inspection, such as here, is desired, the admission of possession or control must first exist. The plaintiff, aft-

er filing his bill of complaint, and the defendant, after filing his answer, but not later than 21 days after the joinder of issue, may file interrogatories. After the cause has been at issue for more than 21 days, by leave of court, either party may file interrogatories.

In the state court a party might possibly seek this admission by motion. In this court he must seek it by interrogatories.

Such interrogatories may be objected to, and, if objections are sustained, need not be answered, or on refusal answer may be compelled, or the admission may be made and an order follow, in the proper case.

The method, however, so far as summary orders are concerned, is exclusive in equity practice. In the case here, there is no admission before the court on which an order can be based, and where such is the case, rule 58 indicates that this admission must be sought by interrogatories.

These interrogatories cannot be filed until issue has been joined. Therefore this method of defendants of proceeding by notice of motion before answer has no support in the rule. Defendants should first answer, and then proceed, in accordance with rule 58, before relief can be obtained, in the form of a summary order, directing the production and inspection of an exhibit, found to be material and necessary to the defense, and admitted to be in the possession or control of the other party.

The time of the defendants to answer is extended 20 days, after the entry of the order, to be entered hereon. The motion is premature and denied.