## MAYWOOD et al. v. TEXAS CO.

(District Court, N. D. Texas, Wichita Falls Division. February 21, 1927.)

No. 205.

**1. Courts ⬤⟳351—Plaintiff may require production only of documents material to issues and admissible in evidence (equity rule 58).**

Under equity rule 58, plaintiff may require defendant to produce only such documents as are material to the issues and admissible in evidence, and which disclose ultimate facts, and is not entitled to require submission of evidence in advance of trial, or require production of memoranda merely enabling him to procure names of witnesses whose testimony might be material.

**2. Courts ⬤⟳351—Plaintiffs, suing for failure sufficiently to develop oil leases, held not entitled to require production of "logs" of wells on adjoining leases not made by defendant or its employees.**

In suit for failure sufficiently to develop oil lease and for draining of oil by wells on adjoining leases, plaintiffs were not entitled to require defendant to produce "logs" or records of the drilling of wells on adjoining leases, not prepared by defendant or its employees, and containing many entries which were not original entries, nor made in regular course of business, but were purely hearsay, and not binding on defendant, and which were at ·most merely memoranda from which plaintiffs might obtain information or names of witnesses from whom they might secure admissible testimony.

In Equity. Suit by Maud McBurney Maywood and husband against the Texas Company. On plaintiff's motion to require defendant to produce certain written statements, called "logs" of oil wells. Motion overruled.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, Tex., for the motion.

H. S. Garrett, of Fort Worth, Tex., opposed.

ATWELL, District Judge. The plaintiffs allege a cause of action upon the failure of the defendant to sufficiently develop what is known as the McBurney lease, which adjoins the Stringer and Skinner leases. They also claim a large sum for alleged drainage of oil from the McBurney lease by wells upon adjoining leases.

When wells were sunk on the Skinner and Stringer leases, they were drilled by strangers to this suit. Afterward the defendant purchased the wells on the leases. It is customary during the drilling of a well for a sort of a record to be kept by the drillers. The record may be made by the one who is actually drilling, or from what the actual driller says. It is usually recognized as hearsay by strangers to it.

Since one of the causes of action is a draining by contiguous development, a disclosure of the sands and strata and depths would be interesting, valuable, and doubtless material evidence. By appropriate interrogatories under rule 58 the plaintiffs secured admissions from officers of the defendant that such "logs" of wells upon contiguous leases were in the possession of the defendant.

This is the second motion presented by the plaintiffs to require the defendant to allow inspection of the "logs." The first motion was overruled.

[1] The cases that were decided prior to 1913, under the old discovery practice, are not very helpful in arriving at an understanding of the latitude and longitude of the present rule. Shortly, the rule is intended to hasten the ripening of the cause, and to do away with useless witnesses, and to constitutionally require litigants to produce evidence, or documents, that are material to either side of the suit. But, whatever it may be, it may not afford the basis for orders to produce facts, or documents, that are not material. The word "material" means everything in rule 58 that it means in the rule of evidence. Having discovered that a party is in possession of a document or of testimony that is material—that is, admissible—its production may be required.

The language of the rule is: "* * * For the discovery by the opposite party or parties, of facts, and documents material to the support or defense of the cause. * * *

To effect the inspection or production of documents, in the possession of either party, and containing evidence, material to the cause of action or defense of his adversary. * * *"

There may be no "fishing expedition." There may be no attempt to pry into the adversary's case. There may be no requiring of submission of evidence in advance of trial. There may be no production of memoranda from which the name of some witness or witnesses may be secured whose testimony might be material. The disclosure must be the ultimate fact. The document called for must be admissible in evidence. Pressed Car Co. v. Union Pacific (D. C.) 241 F. 964; P. M. Co. v. Anchor Co. (D. C.) 216 F. 636; Luten v. Camp (D. C.) 221 F. 428; Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622; Wolcott v. National Electric Signaling Co. (D. C.) 235 F. 224; Union Sulphur Co. v. Freeport Texas Co. (D. C.) 234 F. 194; Goodrich Zinc Corporation v. Carlin (D. C.) 4 F.(2d) 568; Kinney v. Rice (D. C.) 238 F. 444; Speidel Co. v. Barstow (D. C.) 232 F. 617; Dick Co. v. Underwood (D. C.) 235 F. 304; Carpenter v. Winn, 221 U. S. 533, 31 S. Ct. 683, 55 L. Ed. 842; Dixie Drinking Cup Co. v. Paper Utilities Co. (D. C.) 5 F.(2d) 325.

Judge Hand, speaking for the court in the Pressed Car Case, used this language:

"If the defendant can be brought to acknowledge the possession of any documents which appear to be pertinent to the issues, it will be required to produce them, but not until it does. Any other rule will enable the plaintiff to fish among all the documents which the defendant may have, for the purpose of picking out those on which it chooses to sue. Such a course is wholly unauthorized, not only under the old practice, * * * but equally under rule 58, which requires a party to produce only those documents which contain evidence material to the case or defense of his adversary."

Of course, there must be an acknowledgment of the possession. Interrogatories may be framed and reframed under the rule, until such possession appears; but just because one has in his possession a written document is not a sufficient reason why he shall be required to disclose it. It must also be material to the issues and admissible in evidence. These conditions must be met before the court will order its production. The court will be legally hesitant to invade the citizen's privacy.

[2] A study of the contention of each party here shows that the "logs" are data con-

cerning wells not drilled by the defendant; that the "logs" were not prepared by the defendant or its employees; that the entries on the "logs" are in many instances, at least, not original entries; that the "logs" were not made in the regular course of business, at or near the time of the transactions by the defendant, nor were they made by any one authorized by the defendant to make them, nor were they made by any one who, in all instances, recorded his own acts, nor were they made upon ·information · derived from persons who were authorized by the defendant to do so, nor did the persons who made the entries perform the acts. Such reports and information are probably inaccurate. It appears that the "logs" are not the only evidence, nor are they the best evidence. They are purely hearsay, and not binding on the defendant to any degree. If they were in court upon the trial of this case, ·and were · offered in evidence, they would be stricken upon objection.

The most that can be said for them is that they may be such memoranda as will afford the plaintiffs information of the names of drillers, or workmen, or witnesses, from whom*they may secure some facts or testimony that might be admissible in evidence. This does not satisfy the rule.

The motion will be overruled.