the wrong-doer to the underwriters, and he may do so, perhaps, by acts and refusals to act as well as in express terms; but in such a case the rights of the parties will depend upon the terms, express or implied, of the assignment itself, and not upon the relations which are created by the contract of insurance. The liability of the trespasser may be likened to a collateral security, not furnished by the underwriters, and in which they have no interest excepting to see it properly applied. The ship-owner has the right to apply it to the loss to which it is properly applicable, namely, the gross loss; and the underwriters have no right to say that it shall be applied to anything else.

Decree for the libellant.

## Case No. 4,153.

DUNHAM v. ONE THOUSAND TWO HUNDRED AND SIXTY-FIVE VITRIFIED PIPES.

## Case No. 4,154.

DUNHAM v. ONE THOUSAND TWO HUNDRED AND SIXTY VITRIFIED STONEWARE SEWER PIPES.

## Case No. 4,155.

DUNHAM v. RILEY.

[4 Wash. C. C. 126.] [1]

Circuit Court, D. Pennsylvania. April Term, 1821.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Mr. Binney, for plaintiff.
Chauncey & Peters, for defendant.

WASHINGTON, Circuit Justice. It was stated in the case of Bas v. Steele [Case No. 1,088], decided in this court, that to entitle the defendant to nonsuit the plaintiff at the trial, upon the ground of a non-production of papers, he must first obtain an order of the court, under a regular notice, that the papers should be produced. But the court did not decide whether such order must be absolute in the first instance. We think it need not be so; but that upon the rule to show cause, it may be made nisi; leaving the court at liberty to enforce the rule, unless the plaintiff can show, at the trial, good cause for not producing them. If the rule be made absolute at the time when it is argued, the court might have to go prematurely into an inquiry into the case, in order to decide whether the order should be absolute or not. If the case should be simple, and such inquiry should not appear to be necessary, the court may at once discharge, or make the rule absolute. Rule made absolute nisi.

## Case No. 4,156.

In re DUNKERSON et al.

[4 Biss. 227.] [1]

District Court, D. Indiana. June, 1868.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]