## AMERICAN BANANA CO. v. UNITED FRUIT CO.

(Circuit Court, S. D. New York. January 28, 1907.)

1. DISCOVERY—PRODUCTION OF BOOKS AND WRITINGS—FEDERAL STATUTE.

In a proper case a party may be required to produce books and writings under Rev. St. § 724 [U. S. Comp. St. 1901, p. 583], in advance of trial, but such a direction should only be made when the situation is clearly such that in no other way can the ends of justice be properly subserved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 107.]

2. EVIDENCE—REQUIRING PRODUCTION OF DOCUMENTS—CORPORATIONS.

An action to recover treble damages under the Sherman anti-trust act (Act July 2, 1890, c. 647, § 7, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]), is penal in character, but such fact does not preclude the court from requiring the defendant, when a corporation, to produce books or writings under Rev. St. § 724 [U. S. Comp. St. 1901, p. 583].

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1540–1558.]

At Law. Motion under section 724, Rev. St. U. S. [U. S. Comp. St. 1901, p. 583], to require the production before trial and deposit with the clerk for defendant's inspection of a great number of books and papers the property of defendant now in its custody and concerned with details of its business. The action is for treble damages under the Sherman anti-trust act.

Everett P. Wheeler, for the motion.
Henry W. Taft, opposed.

LACOMBE, Circuit Judge. Originally it was held that the provisions of section 724, Rev. St. [U. S. Comp. St. 1901, p. 583], were directed solely to securing the production of the books and writings upon the trial of the issues. Later authorities hold that in a proper case production in advance of trial may be required. Bloede Co. v. Bancroft Co. (C. C.) 98 Fed. 175; Gray v. Schneider (C. C.) 119 Fed. 474. Such a direction, however, should only be made when the situation is clearly such that in no other way could the ends of justice be properly subserved. The "trial" of an action at common law is to be had before a court and jury and questions as to the admissibility or inadmissibility of individual items of evidence can be ruled on intelligently and fairly only by the judge who is presiding at the trial and is fully informed as to all the circumstances which prior evidence has disclosed. It puts an unreasonable burden upon a court, already fully occupied, to sit in advance of the trial to oversee the clerk with whom papers are deposited and to be called upon summarily and at intervals to determine whether some particular letter or telegram is one which a plaintiff might fairly inspect, or is concerned with matters which are none of plaintiff's business. Sometimes no other course can be followed, but such is not the case here. The averments of the complaint, the statements in the affidavits, and the specifications in the notice of motion all show that the plaintiff is supplied with information amply sufficient to enable it to go to trial and undertake to make out its cause of action by there and then calling for such writings as it needs, provided that their

presence on the trial is secured by order made under this section. The section does not contemplate that plaintiff shall sit down at leisure in the absence alike of court and jury, and during days or weeks prepare and practically put in its side of the controversy, leaving defendant to meet the case thus made in the hurry of the trial.

As to the constitutional question. It seems entirely clear that this is a penal action. It is instituted by a person who claims to have been injured by the unlawful acts of defendant to recover, not only the damages which will compensate him for any loss he has sustained, but also a penalty of twice as much again, which represents no damages, but only a fine imposed for bad conduct. But, as was intimated in U. S. v. Am. Tob. Co. (C. C.) 146 Fed. 557, the decision in Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, has modified the rule heretofore applied when the books and papers sought to be dragged to light by the power of the state are the property of a corporation. It was held in that case that neither the provisions of the fourth amendment to the Constitution nor the principles enunciated in the case of an individual in the Boyd Case, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, constitute any protection to a corporation which is charged with abuse of its franchise. It would seem to make little difference whether the books and papers are called for under a subpœna duces tecum or under section 724; whether the charge is presented in an action brought by the state of its own motion, by the state on the relation of some one, or by a private person to whom the state has promised the fine it has prescribed as punishment of the offense in the event that such person shall succeed in proving the commission of that offense.

The motion is granted to the extent of requiring the defendant to get together all the books and papers enumerated with sufficient definiteness, and have them present at the trial. Defendant need be under no apprehension by reason of failure to produce any books and papers called for which do not exist. Proof that they did not exist, when notice of motion was served, will be sufficient compliance with the order. But it should comply with the terms of the order frankly and fully. It should have in court all the documents fairly within the enumeration and which would enable plaintiff to show defendant's past conduct touching the matters complained of. It will be no sufficient response to the order to state upon the trial that some contract, letter, or what not, manifestly material, is not at hand, but in Venezuela or elsewhere.