INTERNATIONAL COAL MINING CO. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. March 25, 1907. On Making Rule Absolute, April 3, 1907.)

No. 69.

**1. EVIDENCE—PRODUCTION OF BOOKS—CORPORATIONS.**

A corporation cannot refuse to produce its books in an action against it to recover damages for a violation of Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154], on the ground the evidence therein may incriminate it.

**2. SAME.**

Books and papers required by an order of court to be produced by a party on the trial of a cause remain subject to objections to their relevancy as evidence which must be passed upon at the trial.

On Rule for Production of Books and Papers.

J. W. M. Newlin, for plaintiff.
Francis I. Gowen, for defendant.

HOLLAND, District Judge. A petition was presented January 30, 1907, and a rule granted on the defendant to show cause why the books and papers set forth in the petition and statement should not be produced at the trial of the cause. The defendant makes answer: (1) That it should not be required to produce these books and papers because of facts averred and set forth in the third plea filed; (2) that, the action being one for the recovery of damages in the nature of a penalty under Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154], the motion should be denied.

The first question, which raises the right of the plaintiff to continue the suit, has been decided against the defendant in an opinion filed March 4, 1907.

As to the second, we think that has practically been disposed of by Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652. In that case a subpœna duces tecum was served upon the witness Hale to produce certain books and papers belonging to certain corporations. The witness refused to produce the books, for the reason, among others, that the production of the books would incriminate the corporations. In the court below the objection was overruled and the witness required to produce the books. This view was sustained by the Supreme Court in an elaborate opinion by Judge Brown, where, on page 74 of 201 U. S., page 378 of 26 Sup. Ct. (50 L. Ed. 652), he uses the following language:

"If, whenever an officer or employé of a corporation were summoned before a grand jury as a witness, he could refuse to produce the books and documents of such corporation, upon the ground that they would incriminate the corporation itself, it would result in the failure of a large number of cases where the illegal combination was determinable only upon the examination of such papers. Conceding that the witness was an officer of the corporation under investigation, and that he was entitled to assert the rights of the corporation with respect to the production of its books and papers, we are of the opinion that there is a clear distinction in this particular between an individ-

ual and a corporation, and that the latter has no right to refuse to submit its books and papers for an examination at the suit of the state. The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on: his private business in his own way. His power to contract is unlimited. He owes no duty to the state or to his neighbors to divulge his business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the state, since he receives nothing therefrom, beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the state; and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate him, and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights.

"Upon the other hand, the corporation is a creature of the state. It is presumed to be incorporated for the benefit of the public. It receives certain special privileges and franchises, and holds them subject to the laws of the state and the limitations of its charter. Its powers are limited by law. It can make no contract not authorized by its charter. Its rights to act as a corporation are only preserved to it so long as it obeys the laws of its creation. There is a reserved right in the Legislature to investigate its contracts and find out whether it has exceeded its powers. It would be a strange anomaly to hold that a state, having chartered a corporation to make use of certain franchises, could not in the exercise of its sovereignty inquire how these franchises had been employed, and whether they had been abused, and demand the production of the corporate books and papers for that purpose. The defense amounts to this: That an officer of a corporation, which is charged with a criminal violation of the statute, may plead the criminality of such corporation as a refusal to produce its books. To state this proposition is to answer it. While an individual may lawfully refuse to answer incriminating questions unless protected by an immunity statute, it does not follow that a corporation, vested with special privileges and franchises, may refuse to show its hand when charged with an abuse of such privileges."

The government was investigating the actions of certain corporations for a violation of the Sherman act to protect trade and commerce against unlawful restraints and monopolies, and the court said that a corporation "has no right to refuse (in such case) to submit its books and papers for examination at the suit of the state"; but the principle is the same when there is an application for the production of books at the suit of an individual, who claims to have been injured by a violation of the interstate commerce act. The corporation cannot refuse to produce its books in a claim for damages resulting from a violation of this act. Nelson v. U. S., 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673, to the same effect.

The plaintiff in this case is entitled to the production of such books and papers as are relevant and pertinent to the issues involved; but the court will not make the rule absolute, as the question of the relevancy of whatever books and papers are called for must be passed upon at the trial. Bas v. Steele, Fed. Cas. No. 1,088, 3 Wash. C. C. 381; Dunham v. Riley, Fed. Cas. No. 4,155, 4 Wash. C. C. 126; Iasigi v. Brown, Fed. Cas. No. 6,993, 1 Curt. 401; Cassett et al. v. Mitchell Coal & Coke Co. (decided in this circuit) 150 Fed. 32.

It is ordered therefore that the defendant be required to produce the books and papers specified in the petition at the trial of the cause, unless it shows cause at the trial why the same should not be produced.

## On Making Rule Absolute.

On March 25, 1907, an order was made on the defendant in this case to produce books and papers at the trial of the case. A petition had been presented, under section 724, Rev. St. [U. S. Comp. St. 1901, p. 583], by the plaintiff for the production of books and papers. The defendant made answer, with other matters, that the action being one for the recovery of damages, in the nature of a penalty under the interstate commerce act, the mot'on should be denied. The order to produce was not made absolute, but the question of requiring the production was left open for settlement at the trial. In this I think the order was not in proper f rm. It was the intention of the court to require the production of the books, for the reason that the action is not for a penalty in a sense to exempt the defendant from the production of books in an action of this kind, and even if it be regarded as a suit for the recovery of damages as a penalty, or in the nature of a penalty, the defendant, being a corporation, is not entitled to the privilege of refusing to produce its books and papers in a suit of this kind. Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652; Nelson v. U. S., 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673.

And now, April 2, 1907, on motion of James W. M. Newlin, for the plaintiff, and the answer, filed by the defendant to the rule returnable February 13, 1907, on the defendant to show cause why it should not produce upon the trial the documentary evidence set forth in the affidavit of J. Chester Wilson, the secretary of the plaintiff, upon which the rule to show cause was granted, having been determined by the court to be insufficient, it is ordered that the defendant shall produce the said documentary evidence at the trial of the cause, and the rule to show cause is made absolute.