UNION SULPHUR CO. v. FREEPORT TEXAS CO. et al.

(District Court, D. Delaware. May 12, 1916.)

No. 336.

1. COURTS ⬤351—INTERROGATORIES—DISCRETION OF COURT.

Equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), authorizing the parties to file interrogatories for discovery from the opposite party of facts and documents material to the support or defense of the action, and declaring that, if either party be a public or private corporation, the opposite party may apply to the court for an order allowing him to file interrogatories to be answered by any officer of the corporation, and

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that an order may be made for examination of such officer as may appear to be proper and upon such interrogatories as the court shall think fit, is not intended to deprive the parties, or either of them, of the right to introduce at the trial evidence of facts and documents material to the support or defense of the cause, but to enable the parties to obtain evidence prior to trial, and therefore, in allowing the propounding of interrogatories to corporate officers, the court should exercise its discretion, so as to avoid necessarily vexatious results.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ☜351.]

2. COURTS ☜351—INTERROGATORIES—RIGHT TO PROPOUND.

In an action against two corporations for conspiring to infringe and infringing letters patent, the president of the corporation, which was served, in answer to interrogatories concerning the infringement, stated that his company was only a holding company, that he was the financial and executive officer, and lacked the knowledge to state what infringements, if any, had been had, and that no other officer of such corporation was conversant with the infringement. Complainant sought to compel further answers, demanding that the president of such corporation ascertain from the agents of the second company the nature of the infringements. It appeared that the officers of the two corporations were practically identical. *Held* that, under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), authorizing the propounding of interrogatories to corporate officers in the discretion of the court, such additional interrogatories should not be allowed, for it would either result in binding the corporation by hearsay statements of its inferior agents, or the answers, if not treated as admissions, would be unavailing, being mere hearsay.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ☜351.]

In Equity. Bill by the Union Sulphur Company against the Freeport Texas Company and the Freeport Sulphur Company, which was not served. On motion for further answers to complainant's interrogatories. Denied.

Alan N. Mann and Fish, Richardson, Herrick & Neave, all of New York City, for complainant.

Thomas F. Bayard, of Wilmington, Del., and L. F. H. Betts and James R. Sheffield, both of New York City, for defendants.

BRADFORD, District Judge. The Union Sulphur Company, a corporation of New Jersey, brought its bill in this case against the Freeport Texas Company, a corporation of Delaware, and the Freeport Sulphur Company, a corporation of Texas, hereinafter referred to as the Texas corporation. No service of process having been made upon the Texas corporation and it not voluntarily appearing, the only defendant in court is the Delaware corporation. The plaintiff has filed under rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), of the equity rules promulgated by the Supreme Court interrogatories to be answered by Eric P. Swenson, who is the defendant's president, or by such other officer of the defendant as has knowledge of the facts inquired about; one class of interrogatories being directed to the question of such control by the defendant over the Texas corporation, or such combination or co-operation between the two, as to render the defendant liable for the acts of the Texas corporation, and the other class of inter-

rogatories to the question of infringement of certain patents held and owned by the plaintiff. The interrogatories relating to the question of control, combination or co-operation were specifically answered by Swenson, and no exception has been taken to his answers in that regard. Exception, however, has been taken by the plaintiff to his answers to the interrogatories touching the question of infringement. Swenson in reply to such interrogatories says:

"Referring to the interrogatories directed to the issue of infringement, I say as follows:

"I am a banker, and my connection with these matters has been that of a financier and executive officer. I have had no technical training. I have no knowledge or information, either personally, or as president of the defendant corporation, which will enable me to answer the said interrogatories, and I am not competent or qualified to answer the same. Furthermore, I have made an investigation to ascertain whether the facts inquired about in these interrogatories are known to any officer, or to any employé, of the defendant Freeport Texas Company, which is a holding company and not an operating company, and to the best of my knowledge, information and belief, there is no officer or employé or any one under the control of said company who is competent or qualified to answer any of these interrogatories, and there is no writing, record or drawing in the file of the said defendant company giving information on which the said interrogatories might be answered. The defendant company, its officers and employés, are, therefore, unable to answer any of the said interrogatories."

The plaintiff, not being content with the above statement, has moved that Swenson be ordered to file—

"further full and fair answers to each and all of the interrogatories directed to the issue of infringement, and further, that if he have not sufficient personal knowledge or information to give such full and fair answers, that he be directed, before answering, to make such further inquiry concerning the facts inquired about as to the court shall appear just and proper under the circumstances."

As it appears from Swenson's statement that he has not sufficient personal knowledge or information to give such full and fair answers, and, further, that such knowledge or information is not possessed by any other officer or employé of the defendant, the question is presented whether Swenson should be directed, with a view to making further answer, to make inquiry of persons other than officers or employés of the defendant, touching the facts inquired about. It is urged by counsel for the plaintiff that for the purpose of the present application it must be assumed that the Texas corporation is under the control of the defendant, and should be treated as its agent, and that Swenson, therefore, is under an obligation to ascertain the facts bearing upon the alleged infringement from the officers or employés of the Texas corporation. On the above assumption of control and agency, however, of whom shall Swenson make inquiry? Certainly this court has no means of indicating the person or persons capable of imparting to him the desired information. The officers of the defendant and of the Texas corporation, namely, the president, vice president, treasurer and secretary, are and for a number of years have been the same; and knowledge or lack of knowledge on the part of such officers of the defendant would equally be knowledge or lack of knowledge on the part of such officers of the Texas corporation. The apparatus em-

ployed in conducting the alleged infringing process is used by the Texas corporation in carrying on its mining operations in that state, and there is a violent, if not conclusive, presumption that knowledge of the facts inquired about in the interrogatories relative to infringement is possessed by those or some of those of the employés of that corporation who handle or inspect such apparatus; and it is strongly urged in effect that Swenson is under an obligation or should be directed by the court to identify the employé or employés of the Texas corporation having such knowledge and gain sufficient information to enable him to make satisfactory answers to the interrogatories touching infringement.

[1, 2] For various reasons this position does not commend itself to the approval of the court. The practical enforcement of rule 58 in the case of corporations is often beset with perplexity and embarrassment; and the granting of the application in hand would be calculated aptly to illustrate the confusion, uncertainty, vexation and injustice which may or must result from the construction of the rule contended for. The filing of interrogatories in the case of corporations is not a matter of course or of strict right. On the contrary, the rule expressly provides that:

"Any opposite party may apply to the court or judge for an order allowing him to file interrogatories to be answered by any officer of the corporation, and an order may be made accordingly for the examination of such officer as may appear to be proper upon such interrogatories as the court or judge shall think fit."

The purpose of the rule is not to deprive the parties or either of them of the right at the trial to adduce evidence of "facts and documents material to the support or defense of the cause," but to enable the parties or either of them in proper cases to obtain evidence, prior to the trial, of such facts and documents, and thus render unnecessary the production of such evidence at the trial. The rule is intended to facilitate the proper disposition of the cause, and not to needlessly harass and vex parties or those representing them, or either of them. Hence, as heretofore held by this court in this case, the application of the rule involves the exercise of sound discretion by the court, which, while not withholding from the party filing the interrogatories the benefit of the disclosure to which he is entitled, should observe proper care that the party interrogated shall not be unduly and unnecessarily burdened, oppressed or harassed. And equally, the party or person interrogated should not be required in order to make answer to incur great and unreasonable expense and trouble, which could be obviated by the taking of evidence by deposition or by the production of proof at the trial.

The course of judicial decision up to the present time touching the scope and effect of the rule has not been such as to throw much light upon the subject. The reported cases, both under rule 58 and under order XXXI of the English rules, leave much to be desired in the way of consistency and perspicuity. While rule 58 contemplates "discovery" of material facts and documents that term evidently is not employed in its technical sense. The effect of an answer to interrogatories

filed under the rule is, under the language of the decisions, by no means clear. Is the answer to be treated as an admission by or on behalf of the corporation and as such conclusive upon it? Or should it be regarded as having only such probative force against the corporation as would be possessed by an ordinary deposition containing the same matter, its weight to be largely determined by its inherent probability or improbability and the circumstances of personal knowledge or its lack on the part of the person answering? An acceptance of either hypothesis involves difficulty. On behalf of the plaintiff it is contended that "it is perfectly apparent that the theory upon which answers to interrogatories are admissible as evidence is that they constitute admissions." It is Swenson and not unsworn operatives of the Texas corporation handling the apparatus employed in the alleged infringing process who is required to make answer to the interrogatories; and I fail to perceive any justification, reason or excuse for an order requiring him to seek information from such operatives, unnamed and unsworn, who, whether honestly or dishonestly, may vary in the information they may impart to him touching the multifarious details covered by the interrogatories, and upon the basis of this mere hearsay make answer operating as an admission binding upon the defendant. If, on the other hand, the answer under rule 58 should be treated, not as an admission, but as having only such force as would be accorded to the same matter appearing by deposition, it would, as wholly based upon hearsay, have no force whatsoever in this case. It is unnecessary to review the decisions in this opinion. I find no case, well considered or otherwise, lending support to the present application. The plaintiff could have brought suit in Texas and probably have obviated all difficulty. Not having sued there, it has ample opportunity to take by deposition the necessary testimony in Texas and have it returned here for use at the trial. In view of the situation of the parties and the circumstances of the case, the granting of the present motion would, in my opinion, be a gross abuse of discretion, and it consequently must be denied.