UNITED STATES FIDELITY & GUARANTY CO. v. EICHEL et al.

EICHEL et al. v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Third Circuit.    April 16, 1917.    On Petition for Rehearing, May 14, 1917.)

Nos. 2214, 2215.

1. APPEAL AND ERROR ⬤➝1099(1)—SUBSEQUENT APPEAL—LAW OF THE CASE.
    Questions decided on a former appeal, and reconsidered on petition for rehearing and on petition for an order directing subsequent proceedings below, must be accepted as final on a subsequent appeal, where nothing was presented to the court which had not been previously considered.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370, 4374.]

2. PRINCIPAL AND SURETY ⬤➝138—LIABILITY OF SURETY—EXTENT—BANKRUPTCY OF PRINCIPAL.
    In a suit against the surety of a bankrupt government contractor on claims against the contractor purchased by plaintiff, where the surety had prevented the distribution of dividends by the trustee by instituting proceedings to have the question of its liability retried, plaintiff is entitled to recover from the surety immediately the amount due on her claims, without being compelled to wait for the termination of the bankruptcy proceedings to ascertain the amount she will receive as dividends, but will be required to assign to the surety her interest in the bankrupt estate.
    [Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 387, 472½.]

Appeals from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit by the United States Fidelity & Guaranty Company against Laura Eichel and others, to have determined in one suit complainant's liability on various claims held by defendants. From a decree determining the liability, both parties appeal. Decree modified and affirmed.

See, also, 233 Fed. 991, 147 C. C. A. 665.

Wm. E. Schoyer, of Pittsburgh, Pa., and Benj. M. Ambler, of Parkersburg, W. Va., for United States Fidelity & Guaranty Co.
William M. Hall, of Pittsburgh, Pa., for Eichel and others.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge.    The course of this prolonged litigation is set forth in the opinion of this court disposing of a former appeal (219 Fed. 803, 135 C. C. A. 473), and in order to avoid repetition we refer to that opinion, instead of attempting even to summarize now what is there said.    After the mandate went down, the District Court

took up the subjects that were still to be determined and entered the decree now before us.

[1] From this the Fidelity Company and Laura Eichel have each appealed, and the chief complaint of Mrs. Eichel is that she should have been allowed to recover from the Fidelity Company on the basis of the face value of the claims against the Contract Company—these having been bought at a discount—and that the decisions in this court and elsewhere restricting her to the smaller sum are wrong. After this question had been decided in the former appeal, we considered it a second time on the motion for a rehearing, and considered it again 18 months later (233 Fed. 991, 147 C. C. A. 665) on a petition asking us to make an order:

"That the District Court shall rehear this case, and in such rehearing permit the parties to introduce any evidence pertinent to the issues made by the pleadings so that additional evidence may be taken on any of said issues, and the District Court proceed to rehear the case on the evidence already taken and in, and on any additional evidence that may be offered."

Nothing is before us now that has not already received the necessary attention, and we feel justified in standing by a decision that was deliberately made and must be accepted as final in this tribunal.

Her other subject of complaint is the allowance—$1,333.94 and interest—made by the District Court on account of the claim bought from the Clydesdale Stone Company. She asserts that the allowance should have been larger, but as far as we can discover she does not specify the sum to which she contends the allowance should be increased. This, however, is not important, for the Fidelity Company also complains about the same allowance, asserting that the amount should be reduced to $806.17, with interest, and we think this complaint should be sustained. In the former opinion we indicated the rule that should be followed in applying the credits for money paid by the Contract Company to the Stone Company, and the result of following this rule is in favor of the Fidelity Company's contention. The amount awarded on account of this claim should therefore be reduced.

The Fidelity Company complains also about the allowance made on account of the claims of the Pittsburgh Trolley Pole Company and of Nicola Bros. The District Court was directed to ascertain and allow the amount actually paid for these claims, and the Fidelity Company contends now that both claims should have been rejected, on the ground that the evidence is not sufficient to establish satisfactorily that Mrs. Eichel paid any amount therefor. Without discussing the evidence in detail, and conceding that it might have been more clear, we are of opinion that the point should not be sustained. Some direct evidence exists, which satisfied the court below, and we do not find ourselves prepared to say that a plain error has been committed. These allowances will therefore stand.

[2] One other matter is left for consideration, and this requires us to turn to the bankruptcy litigation in West Virginia. The bankrupt is the Contract Company, and this corporation is the principal debtor on all the claims now owned by Mrs. Eichel. The Fidelity Company is the surety on these claims, and of course, as the bankrupt estate is liable in the last resort to pay all its own debts in full, if that be possible,

the ultimate liability of the Fidelity Company will only be for so much of these debts as the estate is unable to pay. The claims involved in the suit now before us are also in proof before the bankruptcy court in West Virginia, and when we decided the former appeal it was plain that in equity Mrs. Eichel ought to credit on the Pittsburgh decree whatever sums she might receive, or might have received, in the West Virginia proceeding on the same account. At that time an order had been made in the bankruptcy court awarding about 66 per cent. to these claims, and we naturally supposed that this percentage was about to be paid. We therefore said at the conclusion of our opinion:

"Whatever sums have been awarded by the bankruptcy court in West Virginia on account of these claims should of course be credited," etc.

And this direction the District Court in Pittsburgh would no doubt have followed, if Mrs. Eichel had actually received the money. But since February, 1915, the date of the former decision, the situation in West Virginia has been materially changed at the instance of the Fidelity Company itself. In June, 1915, that company presented a petition to the bankruptcy court seeking to reopen the settlement theretofore made, setting up several reasons, among them certain new subjects of inquiry, and in effect—when the petition as a whole is considered—beginning a fresh chapter in the litigation. Under this petition proceedings have already gone on for a year and a half, and we are advised by counsel that a month or two ago the referee decided in favor of the Fidelity Company. What may be the ultimate decision we cannot know, but we are satisfied that Mrs. Eichel should no longer be compelled to await the satisfaction to which she is entitled. The surety and the principal are alike bound in the first instance to pay a creditor's claim, and the Fidelity Company should now be compelled to meet its obligation—subject, of course, to its right to be subrogated to Mrs. Eichel's claim against the bankrupt estate of the principal debtor. One branch, at least, of this complicated adjustment of rights, should, if possible, be brought to an end, and as far as we can we shall make the order needed to attain that object. We therefore direct:

(1) That the costs in this court on each appeal be paid by the respective appellants.

(2) That the decree below be reduced to the sum of $45,014.88, this reduction being made by striking out the sum of $2,335.46 awarded on account of the Stone Company claim, and substituting the sum of $1,407.93, being $806.17, plus $601.76, interest from July 1, 1904, to December 6, 1916, the date of the decree below.

(3) Thus modified, the decree is affirmed; but the District Court is directed not to allow execution process to issue in favor of Mrs. Eichel until she file with the clerk for the benefit of the Fidelity Company a duly executed assignment to that company of so much of her interest and claim against the Contract Company and its bankrupt estate as is based on the claims that furnish the items of the present decree.

## On Petition for Rehearing.

PER CURIAM. The motion to modify the decree of this court entered on April 16, 1917, is hereby refused. But of course this refusal

must be understood to be without prejudice to the right of the Fidelity Company to take such action as it may consider proper, in such court or courts as may be appropriate, in order to obtain subrogation either to the rights of Laura Eichel, or to the rights of any other person, and without prejudice, also, to the rights of the company to enforce by any other proceeding such rights, either against her or against any other person, as it may now possess or may acquire by the payment of the decree.