## EICHEL ET AL. *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 571. Motion to dismiss or affirm submitted October 8, 1917.— Decided November 5, 1917.

Appellant having brought a number of actions against appellee in the District Court, all cognizable there because arising under a law of the United States, appellee filed in that court a bill ancillary and dependent in form setting up a partial equitable defense to all the actions and other partial defenses to some, and praying that the whole matter be tried in equity and the legal proceedings enjoined. The bill also showed diversity of citizenship. Relief was decreed accordingly in the District Court and Circuit Court of Appeals. *Held,* that the bill was dependent and ancillary, that the jurisdiction to entertain it was referable to that invoked in the actions at law, and that the decree of the Circuit Court of Appeals was therefore reviewable by appeal. Jud. Code, §§ 128, 241.

In a much litigated case, presenting only questions of fact and well-settled questions of general law, unaffected by any ruling on any federal question, where the federal courts of two circuits had reached the same conclusions of fact independently, this court, being satis-

fied from the record and assignments, examined in the light of the opinions below, that the rulings were so clearly right that the appeal seemed to be taken without reasonable justification, and therefore for delay, sustained a motion to affirm the decree.

241 Fed. Rep. 357, affirmed.

THE case is stated in the opinion.

*Mr. William E. Schoyer* and *Mr. B. M. Ambler* for appellee, in support of the motion.

*Mr. Wm. M. Hall* for appellants, in opposition to the motion.

Memorandum opinion by MR. JUSTICE VAN DEVANTER, by direction of the court.

A motion to dismiss or affirm is presented.

In its simplest form the case is this: Laura Eichel as use plaintiff began eighteen separate actions at law against the guaranty company in the District Court for the Western District of Pennsylvania, all being cognizable in that court because arising under a law of the United States. The guaranty company, conceiving that it had a partial equitable defense, not admissible at law, which was common to all the cases, and other partial defenses in particular cases, exhibited in that court a bill describing the actions at law, setting forth the defenses, showing that nothing was in controversy beyond the defenses, and praying that the entire matter be examined and adjudicated in a single proceeding in equity and further proceedings at law enjoined. Although showing that the parties were citizens of different States, the bill was framed as a dependent and ancillary bill and the court was asked to entertain it as such in virtue of the jurisdiction already acquired. The court did entertain it and ultimately sustained the equitable defense, partly sustained some

of the others, ascertained the amount of the liability of
the guaranty company upon the claims set forth in the
actions at law, and ordered that this amount, with interest,
be paid in satisfaction of those claims. The Circuit Court
of Appeals made a small reduction in the amount of the
company's liability, made provision for subrogating the
company to the rights of Mrs. Eichel against a bankrupt's
estate in process of administration, and affirmed the decree
as so modified. 241 Fed. Rep. 357.

Plainly the bill was dependent and ancillary and the
jurisdiction to entertain it was referable to that invoked
and existing in the actions at law out of which it arose.
*Jones* v. *Andrews*, 10 Wall. 327, 333; *Dewey* v. *West Fair-
mont Gas Coal Co.*, 123 U. S. 329, 333; *Minnesota Co.* v.
*St. Paul Co.*, 2 Wall. 609, 633; *Krippendorf* v. *Hyde*, 110
U. S. 276, 281; *Johnson* v. *Christian*, 125 U. S. 642, 645;
*Carey* v. *Houston & Texas Central Ry. Co.*, 161 U. S. 115;
*Cortes Co.* v. *Thannhauser*, 9 Fed. Rep. 226; *Hill* v. *Kuhl-
man*, 87 Fed. Rep. 498. This being so, the decree of the
Circuit Court of Appeals is open to review here. See Jud.
Code, §§ 128, 241. The motion to dismiss the appeal
is therefore denied.

The decree, as the record shows, turned upon questions
of fact and of general law, unaffected by any ruling upon
any federal question. The case is part of a prolonged
litigation which is now brought to our attention for the
fourth time. 225 U. S. 205; 239 U. S. 628; *ibid.* 629. It
has engaged the attention of the courts of two circuits on
several occasions, some of the decisions being reported
and others not. 170 Fed. Rep. 689; 218 Fed. Rep. 987;
219 Fed. Rep. 803; 233 Fed. Rep. 991; 241 Fed. Rep. 357.
Upon the questions of fact the courts in the two circuits,
proceeding independently, have reached identical con-
clusions. The questions of law are few and well settled.
After examining the record in the light of the opinions
below and the assignments of error here we are convinced

that the rulings were right, so clearly so that the appeal seems to be without reasonable justification, and therefore to have been taken for delay. The motion to affirm is accordingly sustained.

*Decree affirmed.*