### THE BEST FOODS, Inc., v. HEMPHILL PACKING CO.

(District Court, D. Delaware. May 28, 1924.)

#### No. 527.

1. **Trade-marks and trade-names and unfair competition ☞94—Interrogatories addressed to officer of corporate defendant; claim of privilege.**

   In a suit against a corporation for infringement of a trade-mark and for treble damages, whether interrogatories, under equity rule 58 to be answered by an officer of defendant, are subject to the objection that they might subject defendant to a penalty, may depend on whether the answers are to be used merely as evidence of a witness or as admissions of defendant.

2. **Courts ☞351—Interrogatories; objections by corporation.**

   Interrogatories, under equity rule 58, to be answered by an officer of defendant corporation, are not on their face, subject to objection because they inquire concerning transactions that took place prior to defendant's organization, since such transactions may under some circumstances be imputable to defendant.

In Equity. Suit by the Best Foods, Inc., against the Hemphill Packing Company. On defendant's objections to complainant's interrogatories. Overruled, without prejudice.

See, also, 295 Fed. 425.

Charles F. Curley, of Wilmington, Del., for plaintiff.
Walter L. Sheppard, of Philadelphia, Pa., for defendant.

MORRIS, District Judge. The Best Foods, Inc., by its bill in equity charges Hemphill Packing Company with unfair competition in trade and with infringement of plaintiff's registered trade-mark. It prays, among other things, for treble damages.

[1] After the defendant had answered the bill of complaint the plaintiff, by leave of the court granted under equity rule 58, filed interrogatories to be answered by an officer of the defendant corporation. The defendant, relying upon F. Speidel Co. v. N. Barstow Co. (D. C.) 232 Fed. 617, Wilson v. Union Tool Co. (D. C.) 275 Fed. 624, Blackmore v. Collins (D. C.) 286 Fed. 629, Marquette Mfg. Co. v. Oglesby Coal Co. (D. C.) 247 Fed. 351, and the cases therein cited, objects to all the interrogatories and moves for a stay unless and until the plaintiff shall formally abandon all claim to the penalty of treble damages. The plaintiff, while not denying that the imposition of three-fold damages would be punitive, asserts that the rule in equity that a defendant may not be required to answer with respect to any matters which would subject him to a penalty does not apply where the defendant is a corporation. To support this contention it relies upon Grasselli Chemical Co. v. National Aniline & Chem. Co. (D. C.) 282 Fed. 379, Orvig Dampskibsselskap v. New York & Bermudez Co. (D. C.) 229 Fed. 293, International Coal Mining Co. v. Pennsylvania R. R. Co. (C. C.) 152 Fed. 557, Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652, Nelson v. United States, 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673, and Wilson v. United States, 221 U. S. 361, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558.

The question thus presented is fundamental. It is not free from difficulty. I think it cannot be said to be clearly settled. If the purpose of the interrogatories, when addressed to an officer of a corporation under equity rule 58, is merely to obtain evidence (Luten v. Camp [D. C.] 221 Fed. 424, 427) of witnesses, and not the admissions of a party, it would be clear as well as settled (McAlister v. Henkel, 201 U. S. 90, 26 Sup. Ct. 385, 50 L. Ed. 671), that an officer of a corporation cannot set up the privilege of a corporation as against his own testimony or the production of its books. But the purpose of interrogatories has been said to be "to enable the court to make a summary disposition of a cause by applying the law to an admitted state of facts." Bronk v. Charles H. Scott Co., 211 Fed. 338, 128 C. C. A. 17 (C. C. A. 7); Luten v. Camp (D. C.) 221 Fed. 424, 427. If, however, it be true that answers to interrogatories, addressed to an officer of a corporate party to the suit pursuant to equity rule 58, are to be read as admissions of the corporate party to the suit, and not merely as the evidence of a witness, see Langdell on Eq. Pl. (2d Ed.) pp. 83, 84, contra, and Union Sulphur Co. v. Freeport Texas Co., 234 Fed. 194, 197, dubitante, then, as it seems to me, it is far from clear that Hale v. Henkel, McAlister v. Henkel, Nelson v. United States, and Wilson v. United States are here, either controlling or pertinent, particularly as the present suit was instituted, not by the state or the United States, but by a private party for the enforcement of alleged private rights. See Hale v. Henkel, 201 U. S. 43, 74, 26 Sup. Ct. 370, 50 L. Ed. 652.

I shall not now determine whether answers to interrogatories addressed to an officer of the corporate party are to be considered admissions of the corporation, and, if they may not be so considered, whether they are to be wholly rejected, or, on the other hand, regarded as the depositions of a witness, but shall overrule the objection without prejudice to the right of the defendant to object to the answers of the corporate officer being read against the defendant, either as admissions of the corporation or as the evidence of a witness. By this procedure neither the plaintiff nor the defendant will be harmed, and the question will be best preserved for consideration and action by the appellate court.

[2] The defendant further objects to certain interrogatories, in that they inquire with respect to matters and transactions of a third party, and further that the matters and transactions inquired about occurred prior to the date of the incorporation of the defendant company. The information sought by the interrogatories objected to pertains, however, only to the acts and transactions of the person from whom the defendant acquired its corporate assets. Consequently, the maxim res inter alios acta is here without application. See Stacy v. Thrasher, 6 How. 44, 12 L. Ed. 337; 22 C. J. 741. Moreover, as in some cases knowledge by promoters (Fletcher, Cyclopedia Corp. § 161), or by officers (Fletcher, Cyclopedia Corp. § 2215) of a corporation is imputable to the corporation, it is impossible to say, without further information and as a matter of law, that interrogatories addressed to an officer of a defendant corporation are invalid merely because they inquire concerning transactions that took place, if at all, prior to the date of the organization of the defendant company. The officer answer ng the interrogatories must, in his answers, state such facts as were and are within his own knowledge, and leave for determination by the court at a subsequent stage of the cause the question of whether or not such knowledge was, under the existing circumstances, imputable to the corporation, or, if not, then whether the answers of the officer are entitled to be given the same value and effect in the cause as if made upon the witness stand by such person.

The objections to the interrogatories will be overruled, without prejudice on the part of the defendant to raise with respect to the effect of the answers thereto such questions as it may be advised.