## BAUSH MACH. TOOL CO. v. ALUMINUM CO. OF AMERICA.

### No. 219.

Circuit Court of Appeals, Second Circuit.
March 6, 1933.

Edward F. McClennen, of Boston, Mass., Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., and Edward Williamson, of Boston, Mass., for appellant.

Cummings & Lockwood, of Stamford, Conn., and E. C. Park, of Boston, Mass., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal is from a decree entered for the appellee which granted relief asked in the bill of discovery, filed in aid of an action for treble damages under the Clayton Act, §§ 4, 12 (15 U. S. C. §§ 15, 22 [15 USCA §§ 15, 22]). Appellant is a Pennsylvania corporation, and the appellee a Massachusetts corporation. Appellee claims damages to it because the appellant monopolized commerce in crude aluminum among the several states. The complaint charged that, in producing aluminum alloys and in fabricating articles from aluminum and its alloys, the appellant monopolized the industry; that prior to June, 1928, it controlled and operated, through a wholly owned subsidiary corporation, Aluminum Company of Canada, Limited, the only plants producing aluminum in Canada, and that through ownership and financial investment it was the dominant factor in the aluminum industry; that in May, 1928, it caused to be organized under the laws of the Dominion of Canada, Aluminium, Limited, to which it thereafter transferred all of the outstanding stock of its Canadian company and all the stock owned by it in various other companies carrying on operations in Canada and foreign countries; that the stockholders of the appellant received all the shares of Aluminium, Limited, and that the stock ownership rested in the hands of a few individuals; that the relations between the appellant and the foreign producers of the aluminum were not and for many years have not been competitive, and that the appellant, in competition with the appellee, in the sale of aluminum alloys and fabricated articles has offered such articles for sale at prices which would yield no profit to the manufacturer who purchased aluminum at the monopoly price fixed and maintained by the appel-

lant, and that the appellee has consequently been damaged. It is maintained that the appellant has been able to fix prices at an artificial level in the United States to the appellee's damage.

The bill of discovery seeks a disclosure of appellant's cost of production in support of the allegations of the complaint in the action at law. It sets forth in detail that it is practically impossible for the appellee to obtain proof of the appellant's costs by the processes of law, and that such proof cannot be obtained from other sources, and that it requires the aid of a court of equity. Interrogatories are attached to the bill.

A motion to dismiss the bill, made because neither party was a citizen, resident, or inhabitant of Connecticut; also because the action in aid of which the bill purports to be brought, is for a penalty, and therefore a court of equity has not jurisdiction, or should not exercise it, to order discovery in aid thereof, was denied. A motion to strike out the answer resulted in striking out paragraphs 1, 2, 3, 4, 5, 6, and 8, but the balance of the answer stood, and appellant was ordered to answer some of the interrogatories, namely, those relating to costs of appellant. It is from this decree that the appeal was prosecuted.

■■ Appellee argues that the decree is not appealable and asks for its dismissal. The question is open to us. Judicial Code § 128 (U. S. Code title 28, § 225 [28 USCA § 225]). The appealability of the order is a question addressed to our jurisdiction. The decree directing the appellant to answer some of the interrogatories is final and appealable within section 128 of the Judicial Code (U. S. Code title 28, § 225 [28 USCA § 225]). Although ancillary for jurisdictional purposes, the order obtained was all that was sought or could be obtained in an equity suit. On appeal, orders dismissing bills of discovery have been affirmed where appealability has not been raised. Durant v. Goss, 12 F.(2d) 682 (C. C. A. 6); Bradford v. Indiana Harbor Belt R. Co., 300 F. 78 (C. C. A. 7); Munger v. Firestone Tire & Rubber Co., 261 F. 921 (C. C. A. 2). Tucker v. Peiler, 297 F. 570 (C. C. A. 2), involved a proceeding to obtain evidence by subpœna, and there we pointed out that orders issued denying or granting subpœna duces tecum are not final and therefore not appealable. But, in the instant case, there is a decree which is final. United States v. River Rouge Improvement Co., 269 U. S. 411, 46 S. Ct. 144, 70 L. Ed. 339; Munger v. Firestone Tire & Rubber Co.,

supra. The decree completely ends the equity suit. It gives to the appellee the relief asked. The decree must be executed by the appellant, and, if error has been committed in granting it, the appellant is entitled to have it reviewed as it seeks here.

■ Neither party is a resident of Connecticut, and the suit is not supported under the diversity of citizenship provision of law. U. S. Code title 28, § 112 (28 USCA § 112). But the action at law, in aid of which a bill of discovery was brought, was properly brought in the district of Connecticut where the appellant concededly transacts business. Clayton Act, § 12 (U. S. Code title 15, § 22 [15 USCA § 22]). Section 12 states that "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought * * * in any district wherein it may be found or transacts business. * * * *"

The suit is an action at law for treble damages (Fleitmann v. Welsbach Street Lighting Co., 240 U. S. 27, 36 S. Ct. 233, 60 L. Ed. 505), and, although the language "any suit, action or proceeding" is broad, it is not clear that a bill of discovery may be brought in any district where the corporation is found or does business regardless of the district where the suit at law, which the bill is meant to aid, is pursued. The appellee suggests, and we agree, that we need not decide that section 12 of the Clayton Act offers jurisdiction for the bill of discovery independent of the action at law. It is sufficient for the purpose of this appeal to say that the bill is ancillary or auxiliary to the action at law and is thus supported by the undisputed jurisdiction of the action at law. If the bill is ancillary, the question of independent jurisdiction under section 12 of the Clayton Act is not important. Eichel v. U. S. Fidelity & Guaranty Co., 245 U. S. 102, 38 S. Ct. 47, 62 L. Ed. 177. The bill of discovery is ancillary to the law action. Its very purpose is that of aiding the action at law. Such a bill has been called ancillary in the general sense of that term. Kurtz v. Brown (C. C. A. 3), 152 F. 372, 11 Ann. Cas. 576. Counsel has not cited, nor has our independent search found, any case holding a bill of discovery dependent and ancillary for jurisdictional purposes. However, the bill of discovery is in aid of an action at law in the same district, and we think is dependent and ancillary for jurisdictional purposes, and jurisdiction over the bill may be sustained because of the jurisdiction had over the action at law. The suit is between the same parties, and is in aid of

the claim of damages in the action at law, and is brought within the same jurisdiction. These facts are sufficient for jurisdictional purposes. Root v. Woolworth, 150 U. S. 401, 14 S. Ct. 136, 37 L. Ed. 1123; Sherman Nat. Bank v. Shubert Theatrical Co., 247 F. 256 (C. C. A. 2); McCabe v. Guaranty Trust Co., 243 F. 845 (C. C. A. 2); Campbell v. Golden Cycle Mining Co., 141 F. 610 (C. C. A. 8). The nature of the suit, its purposes as the decree entered shows, clearly demonstrates it to be an ancillary suit. Julian v. Central Trust Co., 193 U. S. 93, 113, 24 S. Ct. 399, 48 L. Ed. 629; In re Williams (D. C.) 123 F. 321; 1 Pomeroy's Equity Jurisprudence, § 191 (4th Ed.). The bill was plainly dependent upon the action at law, and the jurisdiction to entertain it was referable to that invoked and existing in the action at law out of which it arose. Eichel v. U. S. Fidelity & Guaranty Co., 245 U. S. 102, 38 S. Ct. 47, 62 L. Ed. 177.

■ A bill of discovery may be maintained when it is in aid of an action for damages under the Clayton Act. It is urged that equity will not grant a decree of discovery in aid of enforcement of a penalty (Boyd v. United States, 116 U. S. 616, 631, 6 S. Ct. 524, 29 L. Ed. 746), and that an action for damages under the Anti-Trust Laws (15 US CA § 1 et seq.) is one for a penalty. The appellant may assert no constitutional privilege against disclosure. Hale v. Henkel, 201 U. S. 43, 26 S. Ct. 370, 50 L. Ed. 652. In an action under the Anti-Trust Laws, disclosure by one in the position of the appellant may be obtained. Porto Rican American Tobacco Co. v. American Tobacco Co., 30 F. (2d) 234, 237 (C. C. A. 2). It has been held that actions under the Anti-Trust Laws are not actions to enforce penalties with respect either to assignment of the chose in action (United Copper Security Co. v. Amalgamated Copper Co., 232 F. 574 [C. C. A. 2]) or the statute of limitations (Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 27 S. Ct. 65, 51 L. Ed. 241). The Porto Rican American Tobacco Co. Case was a proceeding in equity under the Clayton Act, and discovery was allowed by interrogatories sought under equity rule 58. We held it was proper to require such answers. In the action at law, the recovery is for threefold damages, but we see no distinction in that which results in lessening the power of the courts to act. Moreover, in actions under the Anti-Trust Laws, a corporation may be required to produce its books and papers under the provisions of Rev. St. § 724 (28 USCA § 636). International Coal Mining

Co. v. Penn. R. Co. (C. C.) 152 F. 557; American Banana Co. v. United Fruit Co. (C. C.) 153 F. 943. An action for damages under the Anti-Trust Laws is not one for a penalty. Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 27 S. Ct. 65, 51 L. Ed. 241; Shelton Electric Co. v. Victor Talking Machine Co. (D. C.) 277 F. 433. The suit is between private parties, and the enlargement of the damages does not convert it into a prosecution for a penalty. Brady v. Daly, 175 U. S. 148, 20 S. Ct. 62, 44 L. Ed. 109. While it is true the statute trebles the damages found by a jury, yet to succeed a plaintiff must prove damages, and there is no fixed penalty named in the statute.

■ Lastly, the appellant contends that the plaintiff was not entitled to the relief obtained (a) because the true answers to the interrogatories would not tend to support any allegation of the bill or derogate from any allegation of the appellant; (b) the interrogatories are not for ultimate facts but only for evidence; (c) that the appellee has available a legal remedy to get the same information by deposition of the same officers who would have to answer the discovery interrogatories, all of whom reside more than 100 miles from the place of trial; (d) that the collection of information would require burdensome labor; and (e) that the information does not appear on the appellant's books and papers, and to obtain it would require the appellant to go out of the district of the court and out of the district of the appellant's residence to consult employees and officers and make compilations and computations.

In order to sustain its cause of action, the appellee must prove that the competitive prices of the appellant are unfairly fixed and applied and preclude the possibility of profitable operation by the appellee, and that the appellant has maintained the price of aluminum ingots at an artificial level and above the price yielding a fair and reasonable profit over the cost of production and above the prices which would be fixed in a fair and free market. The interrogatories which have been ordered answered are addressed to matters of costs. They call for information within the appellant's books and records and the knowledge of its employees and officers, important on appellee's theory of its action. They will disclose competent evidence. For the reasons we have stated, the court had jurisdiction to entertain a bill of discovery. The difficulties of the appellee in obtaining proof of the ultimate fact or the true ingot cost is apparent, and the immediate success

in doing so through a bill of discovery is obvious. It is no answer to say that the task of answering is gigantic and that the appellant should not be obliged to do so. The interest of justice dictates otherwise.

The procedure adopted below is warranted by the authorities. Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 241 F. 964. A discovery elucidating the facts in the matter of costs from the appellant's own records should be of aid to the course of justice and narrow the issues presented at the trial of the action at law as well as be an aid in the ultimate result.

Decree affirmed.