## LION BREWERY OF NEW YORK CITY v. THE LION, Inc.

No. 1129.

District Court, M. D. Pennsylvania.

June 17, 1936.

134

O'Malley, Hill, Harris & Harris, of Scranton, Pa., and Coudert Brothers and Hoguet, Neary & Campbell, all of New York City, for plaintiff.

Nathaniel Jacobs, of Wilkes-Barre, Pa., and J. Julius Levy, of Scranton, Pa., for defendant.

WATSON, District Judge.

This case is before the court on objections to interrogatories propounded by the plaintiff under Equity Rule 58 (28 U.S.C.A. following section 723).

The plaintiff filed a bill in equity seeking to enjoin the defendant from alleged unfair competition and infringement of plaintiff's trade-mark. The plaintiff avers uninterrupted use of its trade-mark by itself and its predecessors since about 1870. The defendant filed an answer denying infringement and unfair competition and set up a counterclaim also alleging unfair competition and infringement of defendant's trade-mark by plaintiff. The defendant, in its counterclaim, avers uninterrupted use of its trade-mark by itself and its predecessors since 1911, except during the prohibition period, when the trade-mark labels were declared invalid; that since the plaintiff has never protested to the defendant's long use of the trade-mark, the plaintiff is estopped from recovery and barred by laches. In its reply, the plaintiff denies it is barred from recovery by estoppel and laches and avers that defendant's predecessor, Lion Brewing Company, was enjoined from selling beer during the prohibition period, went into receivership and ceased to do business in 1923, ten years before the organization of defendant, by reason of which the trade-marks of Lion Brewing Company were abandoned and the good will attached to the business was dissipated long before the organization of the defendant.

The plaintiff filed interrogatories which it alleged to be in support of their affirmative defense of abandonment of defendant's trade-mark, set forth in the reply.

The defendant has objected to all of the interrogatories; some on the grounds that they seek only the disclosure of evidence, are "fishing" in their nature, and merely seek to cross-examine defendant's officers, and relate to matters not within the personal knowledge of its officers; others on the ground that the matters referred to are equally within the knowledge of both parties and are in fact set forth in detail in paragraph 13 of plaintiff's reply; others relating to documents on the ground that they are incompetent under Equity Rule 58.

It nowhere appears that defendant has objected to the interrogatories on the ground that they do not seek facts or documents material to the support of plaintiff's defense set forth in its reply. All of the interrogatories appear to be in support of plaintiff's defense of abandonment of the trade-mark by the defendant, and, accordingly, the interrogatories are proper for that reason. The fact that the interrogatories also relate to matters material to the cause of the interrogated party will not defeat the right of discovery. J. H. Day Co. v. Mountain City Mill Co. et al. (D.C.) 225 F. 622.

Interrogatories 1 to 5, inclusive, 17, 18, 19, 20, 23, 24, 25, 26, 27, 29, and 32 to 38, inclusive, are objected to because they are not within the personal knowledge of the corporate officers, are "fishing" in their nature, and seek the disclosure of evidence. The information sought by these interrogatories pertains to specific matters concerning the alleged predecessor of the defendant, referred to by defendant in its pleadings, and accordingly are not based on suspicion or surmise, and therefore are not "fishing" in their nature. The information sought is not evidentiary, but ultimate facts which will determine whether or not there was an abandonment of defendant's trade-mark. If the information is not within the personal knowledge of defendant's officers, but disclosed in documents in the defendant's possession, the interrogatories must be answered. Kinney v. Rice (D.C.) 238 F. 444; The Best Foods, Inc. v. Hemphill Packing Co. (D.C.) 300 F. 642; Foster, Federal Practice (6th Ed.) Vol. 2, p. 1756.

Interrogatories 6 to 13 inclusive, 15 and 16 are objected to because the information sought is set forth by plaintiff in paragraph 13 of its reply. An examination of paragraph 13 discloses that all of the information sought by these inter-

rogatories pertains to public records, the source of which is within the knowledge of the plaintiff and the information in fact set forth in its own pleading. The information is as accessible to plaintiff as it is to the defendant. Under such circumstances, these interrogatories, including No. 14, need not be answered. Wolcott v. National Electric Signaling Co. (D.C.) 235 F. 224, 227; Window Glass Mach. Co. et al. v. Brookville Glass & Tile Co. (D.C.) 229 F. 833, 836.

Interrogatories 14, 21, 22, 28, 30, and 31 are objected to because Equity Rule 58 does not provide for a motion to obtain admissions relating to documents. The defendant has not objected to the materiality, of these documents. Under Equity Rule 58, one party, by interrogating the other, may seek an admission that the latter has documents material to the issue and in support of the former's cause. If the admission is made, an order to produce the documents may be made. Dixie Drinking Cup Co. v. Paper Utilities Co. (D.C.) 5 F.(2d) 322; Pressed Steel Car Co. v. Union Pacific R. Co. (D.C.) 241 F. 964.

Now, June 17, 1936, the rule to show cause granted April 29, 1935, as to interrogatories 1 to 5 inclusive, and as to 17 to 38 inclusive, is made absolute, and as to interrogatories 6 to 16 inclusive, said rule to show cause is discharged; and it is ordered that the defendant answer all of the interrogatories propounded by the plaintiff except interrogatories 6 to 16 inclusive.