Irving L. WHARTON, as Trustee in Re-organization under Chapter X of the Bankruptcy Act of Continental Vending Machine Corp., Appellant,

v.

Robert S. HIRSCH, Appellee.

Irving L. WHARTON, as Trustee in Re-organization under Chapter X of the Bankruptcy Act of Continental Vending Machine Corp., Appellant,

v.

Bernard P. WEINER, Appellee.

In the Matter of CONTINENTAL VEND-ING MACHINE CORP., Debtor.

Nos. 511, 512, Docket 29713, 29722.

United States Court of Appeals
Second Circuit.

Argued May 7, 1965.

Decided June 29, 1965.

John P. Campbell, New York City (William M. Kahn, Townsend J. Knight, Oscar Garcia-Rivera, Edwin M. Larkin and Ernest Stein, New York City, on the brief), for appellant.

Bernard A. Saslow, New York City (Lynton, Klein, Opton & Saslow, New York City, on the brief), for appellee Hirsch.

Alvin M. Stein, New York City (Parker, Chapin & Flattau, New York City, on the brief), for appellee Weiner.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM:

The trustee in bankruptcy, Irving J. Wharton, of the Continental Vending Machine Corporation ("Continental") appeals from an order of the United States District Court for the Eastern District of New York, Mishler, D. J., denying Wharton's second application for an injunction staying James Talcott, Inc. from making a distribution to Carl Schaeffer, nominee for Robert Hirsch and Bernard Weiner, of funds realized upon the liquidation of certain collateral pledged pursuant to a loan agreement more fully described in the earlier opinion of this court, 344 F.2d 90 (1965). The injunction, granted by the District Court on Wharton's first application, was vacated by this court on appeal on the ground that the unestablished and un-

liquidated claims raised by Wharton against Hirsch and Weiner did not constitute property, in the form of a right of equitable setoff, on which to base summary jurisdiction of the bankruptcy court. We dismiss the appeal from the order of the District Court denying the injunction.

Appellant is correct in pointing out that the record on this appeal is more complete and that the causes of action against the alleged wrongdoers are now more clearly delineated, but the fact remains that the asserted claims are still unestablished and unliquidated. The mere commencement of suit against Hirsch and others, alleging that the loan, for which the collateral was pledged, was made to cover up various improprieties committed by Hirsch and his alleged confederates, does not provide the necessary basis for holding that such questions relating to the loan, and more particularly to the liquidation of the collateral, are matters within the summary jurisdiction of the bankruptcy court. We are still shown only a "possible but unestablished and unliquidated liability." Esbitt v. Dutch-American Mercantile Corporation, 335 F.2d 141, 143 (2 Cir. 1964).

Moreover, this second application for injunction presents no issues that were not raised and adjudicated in the prior proceedings and must be barred for that reason. A decision of an appellate court in a given case is said to be "the law of that case" and no question decided therein will be decided in a subsequent appeal in that case unless there are compelling reasons presented for the court to reverse its prior position. Johnson v. Cadillac Motor Car Co., 261 F. 878, 882–883, 8 A.L.R. 1023 (2 Cir. 1919); Zdanok v. Glidden Co., Durkee Famous Foods Division, 327 F.2d 944, 952–953 (2 Cir.), cert. den. 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). The doctrine of "the law of the case" is not a rigid rule and is only addressed to the court's good sense, Higgins v. California Prune & Apricot Grower, Inc., 3 F.2d 896, 898 (2 Cir. 1925),

but it will be applied where as here no new questions are raised by this appeal and we did not incorrectly apply the applicable law on the first appeal. Compare Johnson v. Cadillac Motor Car Co., supra; Higgins v. California Prune & Apricot Grower, Inc., supra. See also, United States Fidelity and Casualty Co. v. Eichel, 241 F. 357 (3 Cir.), aff'd 245 U.S. 102, 38 S.Ct. 47, 62 L.Ed. 177 (1917); General American Life Ins. Co. v. Anderson, 156 F.2d 615, 618–619 (6 Cir. 1946); Green v. Baltimore & Ohio Railroad Co., 337 F.2d 673, 674–675 (6 Cir. 1964). Essentially, appellant seeks here a rehearing out of time.

The appeal from the order denying the injunction is dismissed.